## School Directors *versus* McBride.

1. Though school directors should keep a record and their acts there appear, yet their unrecorded acts are not void. To record them is a duty to their constituents, but contractors with them cannot object to them merely on account of their not being recorded.

. 2. Though a contract under seal be so defectively executed that it could not be enforced, yet if it be performed the dependent covenant cannot be repudiated.

3. In pursuance of a resolution of a board of school directors, the president of the board as such, entered into an article of agreement on its behalf, under seal, with a person who contracted under seal to erect a school-house: it was *Held*, that after the house was built and the consideration stipulated nearly all paid, an action of covenant in the name of the school directors lay against the contractor on account of defects in the materials and construction of the building.

ERROR to the Common Pleas of *Armstrong county*.

This was an appeal entered 2d September, 1851, from the judgment of a justice of the peace, in a suit by The School Directors of Sugar Creek *v.* John McBride. In June, 1851, this suit was brought against John McBride to recover damages for not building a school-house according to contract, and judgment recovered for $100 and costs, from which the defendant appealed to the Common Pleas of Armstrong county. *Narr.* in covenant. Pleas *non est factum*, covenants performed *absque hoc*. 25th March, tried in Court, and verdict for defendant. 19th September, 1853, judgment on the verdict.

At a meeting of the board of school directors, 22d September, 1849, the directors, being all present, unanimously authorized and directed Thomas Templeton, president of the board, to enter into an article on behalf of the directors, with John McBride for the

[School Directors *v.* McBride.]

building of a school-house in sub-district No. 12, in said township. In pursuance of those instructions, Thomas Templeton, as president, and on behalf of the board of directors, made an agreement in writing under seal with the said John McBride, dated the 22d September, 1849, by which John McBride undertook to build for the plaintiffs a school-house, in said sub-district No. 12, as specified therein, and to finish it in May, 1850, for which the directors were to pay him $220. The article was lost, but it was testified that it was signed by the president of the board of school directors, and by McBride, with a seal to each name. McBride built the house, and the directors having paid him, from time to time, the whole amount of the consideration, except about $20, brought this suit to recover damages, both on account of defective materials and defective work. Evidence was given on both sides as to the materials and workmanship. The Court instructed the jury that the *recorded* minutes of the school directors were the *only evidence* of their acts, and that their acts, as a board, could not be proved by parol.

The charge was as follows:—

" As we understand the Supreme Court in Cline *v.* The Directors of Wayne, the recorded resolutions of the board are the evidence of their acts as a board. There being no such resolution shown in this case authorizing Thomas Templeton to contract with any one for the erection of this school-house, the directors were not a party to the agreement, and would not be liable to be sued on it.

" Inasmuch as the directors, if they were defendants, could successfully defeat the action of covenant, we see no reason why the defendant in this case cannot say he is not liable to be sued in covenant by a plaintiff who was not a party to the contract. The verdict must therefore be for defendant."

Such instruction was assigned for error.

*Phelps* and *Smith*, for plaintiff in error.—In the case of The School Directors *v.* Cline, the question was not raised whether a contract made by the school directors was valid in the absence of a recorded resolution authorizing it to be made, but whether any such contract as alleged, ever was made. There was no recorded resolution nor parol instructions by the board, authorizing Cline to build the house. And the Supreme Court say, " The directors authorized the building committee to have a school-house erected ; and possibly under this resolution the committee might have so acted as to justify an *implication of a contract* by the board, to pay for the building; but we discover no evidence of an express contract. But only two out of four of the committee acted in the matter, and Cline was one of them; certainly the board did not

[School Directors *v.* McBride.]

authorize him to bind them by a contract with himself." The question was before the Court in Gearhart *v.* Dixon, 1 *Barr* 224.

Where there is no recorded evidence of the appointment of a collector of school tax, it may be proved by parol: Barnett *v.* School Directors, 6 *W. & Ser.* 46. It is competent to prove that the collector represented himself as collector, received the school tax as such, and was in fact collector of the township: *Id.* The same principle is decided in the case of The Proprietor of the Canal Bridge *v.* Gordon, 1 *Pick.* 304, and McGill *v.* Kauffman, 4 *Ser. & R.* 317, and The Bank of the United States *v.* Dandridge, 1 *Wheaton* 64. These authorities appear to settle the law that School Directors when acting as a board, are bound by all of their acts as such, without regard to the kind of proof, provided it be the best the nature of the case admits of; whether it be by parol or by a recorded resolution on their minutes. This was the only question raised, or point on which the cause was made to turn in the Court below; and it would therefore seem that the Court erred in their charge to the jury.

*Lee,* for defendant in error.—It was said that the instrument was not a deed between the School Directors and McBride, as the former have no common seal. It was the personal deed of Templeton and McBride, 8 *Mass.* 162; 15 *Pick.* 428. The addition of president, &c., does not alter the character of the instrument: 21 *Wend.* 101. The deed must be binding on both or neither: 4 *W. & Ser.* 221. 1 *Ch. Pl.* 4, cited: "It is an inflexible rule that if a deed be *inter partes,* that is, on the face of it expressly describe and denote who are the parties to it (as between A. of the one part and B. of the other part), C. cannot sue thereon although the obligation purports to be made for his sole benefit." "In such case the right of suit is constituted and must be governed by the deed; and this rule applies although the covenant be with the third party C. (whose benefit is the declared object of the deed) and the person who is party to the deed jointly:" 1 *Ch. Pl.* 3; Strohecker *v.* Grant, 16 *Ser. & R.* 237; Hornbeck *v.* Westbrook, 9 *Johns. Rep.* 73; Same *v.* Sleight, 12 *Johns.* 199. In view of these authorities it would not avail the plaintiffs to have shown that they were the covenantees in the deed, unless they were also *parties.* Much less will it do that Thomas Templeton was a party to the deed and signed it as president of the board of directors, because that, as before shown, would leave it the deed of Thomas Templeton, and the covenants in it personal to him, even if the covenants were to build a school-house, which would be for the sole benefit of the directors.

It is not pretended that Templeton had any specialty authority

[School Directors *v.* McBride.]

from the directors to seal the contract in question. It would therefore be wholly inoperative against them as a deed for that reason.

Probably the only form of action which could be sustained on this contract would be in the name of Thomas Templeton for the use of the directors.

The opinion of the Court was delivered by

LOWRIE, J.—This is an action for a breach of a covenant to erect a school-house, and the pleas are *non est factum*, and covenants performed. In such a case it is irrelevant to inquire into the validity, as covenants, of the agreements to be performed by the plaintiff. Let it be assumed that there was no authority to seal the instrument on the part of the plaintiffs, then it would stand as their simple contract if the authority went that far. But a simple contract on one side is a sufficient consideration for a covenant on the other, and in strict law a covenant is binding without any consideration. And even if the contract on the part of the plaintiffs were so defective that it could not be enforced, yet if it was performed the dependent covenant of the defendant could not be repudiated.

But the Court below misunderstood the opinion in the case of The School Directors *v.* Cline, decided at the last term. We said that school directors " are a public body, bound to keep a record of their proceedings, and all their acts should appear on record," and this is true: but this is not a declaration that their unrecorded acts are void. It indicates the duty of the directors to their constituents, and not to those with whom they are contracting—a duty the neglect of which may be of serious consequence to the district or to the directors themselves, but upon which contractors with the directors do not rely, and by which they are not intended to be affected, and to the neglect of which they cannot object.

The administration of the public business relating to roads, poor, and schools, can always be best performed by township officers; and, unaccustomed as many of them are to the forms of conducting the business of public bodies, their acts must be treated as valid when found to be the result of joint consultation, even though the form of recording them has been omitted.

Judgment reversed and new trial awarded.