## Roland *v.* Reading School District, Appellant. (1)

*Municipal contracts—School board—Minutes—Evidence.*

School directors can bind the district they represent only when they act in their official character, and the best evidence of their official action is the minute or record of their actions kept by the proper officer.

A person who deals with the president of a school board is bound to know what contract the board has authorized the president to make. If the president has made a written contract, the board may repudiate any of its provisions to which it had not given its assent, or which had not been brought to its attention, and subsequently ratified by it.

Plaintiff was the successful bidder to furnish a school district with text-books, his bid including the furnishing of additional books at cost. The written contract provided that a certain number of books should be furnished at a price specified, and that if any additional books were needed plaintiff was to furnish them at cost, with the addition of six per centum on the cost price. No authority had been given by the board for a payment in addition to the cost price. The board subsequently repudiated the act of the president in making the contract with this provision in it.

*Held*, that plaintiff was not entitled to recover more than the cost price of the additional books.

Argued Feb. 28, 1894.    Appeal, No. 109, Jan. T., 1894, by defendant, from judgment of C. P. Berks Co., Dec. T., 1892, No. 35, on verdict for plaintiff, Walter G. Roland.    Before STER-RETT, C. J., GREEN, WILLIAMS, McCOLLUM and DEAN, JJ. Reversed.

Assumpsit for goods sold and delivered.    Before ENDLICH, J.

At the trial it appeared that, on May 8, 1892, defendant school district invited bids for free text-books for three years. On June 11th the plaintiff submitted his bid ; and on June 13th, before any bids were opened, addressed a letter to the commit-tee, stating that he would furnish any additional books not in the list at cost.    On June 16th the bids were opened, and after Roland, who was present, had agreed to furnish books contained in the list at list price per book, and books not on the list at cost, the committee decided to recommend to the board that the contract be awarded to Roland.    The terms of the con-tract, made for only one year, and the circumstances under which it was executed, appear by the opinion of the Supreme Court.

Plaintiff offered in evidence contract produced by defendant upon call, dated July 22, 1892, signed by S. E. Ancona, Presi-dent, and F. A. Roland, Jr., Secretary Reading School District, with the seal of the corporation.    Defendants object : (1) On the ground that it has not been shown that S. E. Ancona, the president of the Reading School District, who signed the con-tract, was authorized by the school district to enter into said contract.    (2) It is generally irrelevant and immaterial.    Ad-mitted ; exception for defendant. [1]

Defendant's points were as follows :

" 1. It is the duty of all persons contracting with the officers of a public corporation to ascertain the nature and extent of their authority.    If the jury find that the contract under which the plaintiff claims was changed by the agents of the school district without authority, the plaintiff cannot recover, and your verdict must be for the defendant."    Refused. [2]

" 2. The contract as authorized by the Reading School Board is contained in the bids and minutes of the board and its sev-

eral committees; Roland, the plaintiff, was bound to know what that contract was; if the jury find that the president of the district or any members thereof had the contract changed without action by the school board, such change would be unauthorized and the plaintiff cannot recover in this case." Refused. [3]

3. Request for binding instructions. Refused. [4]

Verdict and judgment for full amount of claim.

*Errors assigned* were (1) rulings; (2–4) instructions, quoting them.

*William Kerper Stevens*, for appellant.—The changes in the authorized contract having been made by the president, without authority, of which fact Roland had knowledge, defendant would not be bound by the new and unauthorized contract: Cooper v. Township, 8 Watts, 128; Dillon, Mun. Corp. § 445, p. 440; § 447, p. 441; Williams v. Peyton's Lessees, 4 Wheat. 79; Hague v. Phila., 48 Pa. 527; Addis v. Pittsburg, 85 Pa. 379; Loker v. Brookline, 13 Pick. 343; Laubrecht v. New Orleans, 12 La. An. 496; The Flody Acceptance, 7 Wall. 667; Marsh v. Fulton Co., 10 Wall. 677; Twelfth Street Market Co. v. Jackson, 102 Pa. 273; Allegheny Workhouse Co. v. Moore, 95 Pa. 408; Pike Co. v. Rowland, 94 Pa. 238; Wilson v. School District, 32 N. H. 118.

*C. H. Ruhl*, *Daniel Ermentrout* and *Howard P. Wanner* with him, for appellee, cited: 15 A. & E. Ency. L. 1081, 1104; Messenger v. Buffalo, 21 N. Y. 196; Allegheny City v. McClurkan & Co., 14 Pa. 83; Heidelberg School District v. Horst, 62 Pa. 301.

OPINION BY MR. JUSTICE WILLIAMS, April 9, 1894:

In the spring of 1892 the school district defendant decided to introduce free text-books into the public schools. In pursuance of this decision a list of school books needed was made out and bids were asked for from book dealers, giving the terms on which they would supply the books needed. The plaintiff was the successful bidder, and a contract was agreed upon and reduced to writing. The list of text-books was incorporated into the contract, together with the number of

copies of each, and the price per copy, amounting altogether to $5,758.86. The contract contained a further stipulation "that in case an additional number of any of the books set out in the foregoing list are required by the said party of the second part during the current school year commencing Sept. 1, 1892, and ending June 30th, 1893, the said party of the first part is to furnish same at such time and place as may be designated by the said party of the second part, with the addition of six per centum on the cost price of said books exclusive of transportation, the transportation being added to the cost price." The books enumerated in the contract were provided and paid for. An additional number of books of the same kinds set out in the contract was ordered, furnished, and the plaintiff's account therefor is $1,625.36, for the recovery of which this suit is brought. The defence made is, that these books were to be furnished at cost, and that their cost was but $1,226.67; and evidence was given for the purpose of showing the offer of the plaintiff to furnish them at cost in case the contract was awarded to him, and its acceptance and the award of the contract by the school board. Witnesses were then called to show that when the plaintiff and the president of the school board met to execute the contract, the plaintiff insisted upon adding the sentence beginning with the words "with the addition of six per centum on the cost price." The words were finally incorporated into the contract without any previous authority from the school board. This fact was not reported to the board, and no resolution or other official action was taken for the purpose of ratifying this concession by the president to the request made by the plaintiff; but when attention was called to the subject by the presentation of the bill the action of the president was not agreed to, and payment of the bill as presented was refused.

The defendant's second point presented this question to the court below. It requested the court to instruct the jury that the contract really agreed upon is found in the bids of the plaintiff and the resolutions accepting them, and that "Roland, the plaintiff, was bound to know what that contract was. If the jury find that the president of the district or any members thereof had the contract changed without action by the school board, such change would be unauthorized and the plaintiff

cannot recover." The point was refused. It should have been affirmed. The plaintiff's right to recover from the school district in excess of the cost of the books did not depend on the action of the president or any member of the school board, but upon the action of the board sitting as such.

School directors can bind the district they represent only when they act in their official character, and the best evidence of their official action is the minute or record of their actions kept by the proper officer: Wachob v. Bingham Township, 8 Phila. 568. If action actually taken by the board fails, for any reason, to get upon the minutes, it may be shown to have been regularly taken by the testimony of witnesses cognizant of the fact; but the rule is, as we have stated it, that the best evidence of the action of a quasi-municipal corporation is the official record of the governing body. The third assignment of error is therefore sustained. For the same reasons the fourth specification must be sustained. The plaintiff was bound to know what contract the board had authorized its president to make. It was not too late therefore for the district to repudiate any provision of the written contract to which it had not given its assent, or which had not been brought to its attention subsequently and ratified by it. The judgment must for these reasons be reversed. The plaintiff is entitled to recover for the actual cost of the books enumerated in his bill as rendered. To enable him to do this, if the amount is not already paid, a venire facias de novo is awarded.