# Cooper *v.* Plymouth Township School District, Appellant.

*Municipalities—Municipal contracts—School district—Ratification—School law.*

Where a school board delegates one of its number to make a contract for necessary repairs and additions to a schoolhouse, and the district receives the full benefit of such contract, and the board subsequently at a full meeting and with all the knowledge of the facts approves the making of the contract, and orders the price thereof to be paid, objection cannot be made to such payment, merely because the action of the board was not recorded. The act of a municipality may be proved otherwise than by its records or other written documents.

Submitted March 2, 1909. Appeal, No. 42, March T., 1909, by defendant, from judgment of C. P. Luzerne Co., May T., 1906, No. 147, on verdict for plaintiff in case of Joshua D. Cooper v. The School District of Plymouth Borough. Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ. Affirmed.

Assumpsit for material and labor furnished to a school building. Before FULLER, J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $345. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*James T. Brennan*, with him *C. B. Lenahan*, for appellant.—School directors can bind the district they represent only when they act in their official capacity: School District of the City of Erie v. Fuess, 98 Pa. 600; School District v. McBride, 22 Pa. 215; Nason v. Poor Directors, 126 Pa. 445; Roland v. School District, 161 Pa. 102; Wachob & McDowell v. School Dist., 8 Phila. 568.

It is the duty of all persons contracting with the officers of a public corporation to ascertain the nature and extent of their authority: Roland v. School Dist., 161 Pa. 102.

*J. Q. Creveling*, with him *D. L. Creveling*, for appellee.—The district was under an implied obligation to pay the bill and by its unanimous vote approved it. This under the following authorities is sufficient: Genesee Twp. School District v. McDonald, 98 Pa. 444; Penna. Globe Gas Light Co. v. Buchanan, 6 Kulp, 217; Sidney School Furniture Co. v. School District, 158 Pa. 35.

The minutes, while the best evidence, are nevertheless supplied by parol when it is shown what the action of the school board was: School District v. McBride, 22 Pa. 215; Sidney School Furniture Co. v. School District, 158 Pa. 35; Oakley v. Luzerne Borough, 25 Pa. Superior Ct. 425; Fisher v. Boro. of South Williamsport, 1 Pa. Superior Ct. 386.

The order may be used in evidence as corroborative of the ratification: Scranton v. Hyde Park Gas Co., 102 Pa. 382.

OPINION BY ORLADY, J., July 14, 1909:

The plaintiff's statement set out an employment by the defendant to furnish materials and do repairing to certain school-

houses in the township of Plymouth, such as fixing the floors, windows and doors, and other like work, together with a promise by the defendant to pay therefor. The defendant did not offer any testimony. Subsequent to the work being done, the school board, at a regular session, considered the bill as presented by the plaintiff, and unanimously voted an approval of it by directing that an order be drawn on the treasurer for the amount of $250, which was signed by the president and secretary.

The plaintiff was engaged by a member of the board to do the work, and the material was furnished and labor performed under the supervision of this director. It does not appear that the board of school directors, as such was consulted in the first instance, or gave the order after a consultation in regard to the subject, but it does appear that the repairs and changes were necessary, and that the board did delegate its authority to one of its members to have the work done, and further that his action in the matter was ratified and approved by the full board, after having full knowledge of all the facts. The minutes of the meetings of the board of directors were kept in a very irregular manner, but the undisputed testimony shows that the proceedings were regular and that the defendant received the benefit of the plaintiff's materials and services. The amount of the bill was reasonable, and the only irregularity in the whole proceeding was that of the officials of the school board in not making a proper record of their action. While the best evidence of an official action is the entry regularly made upon the minutes, an unrecorded act, if clearly proved, is valid and binding. In this case it would be manifestly unjust to visit punishment upon the plaintiff for a dereliction of duty of the board. The order issued to the plaintiff in this case was not sued upon as a separate cause of action but was used as corroboration of the ratification by the board of the order it gave to the director to have the work done, as well as of their approval of the itemized bill presented for their consideration at a regular meeting.

The act of a borough can be proved otherwise than by its records or other written documents, and the testimony of the witnesses produced by the plaintiff was such as to warrant the

finding that the work was done by the authority of the borough: Weir v. Plymouth Borough, 148 Pa. 566; Rothwell v. California Borough, 21 Pa. Superior Ct. 234; Oakley v. Luzerne Borough, 25 Pa. Superior Ct. 425.

The assignment of error is overruled. The judgment is affirmed.