# Clark, Appellant, *v.* Lower Providence Township School District.

*Public officers—Treasurer of school district—Compensation—Auditors' report—Minutes of school board.*

1. On an appeal from a report of township auditors upon the account of the treasurer of a school district, the court of common pleas cannot be charged with error in refusing to surcharge the treasurer with the amount which the auditors allowed as his compensation, where it is established as a fact that the rate of compensation, which was two per cent on the money passing through his hands, was determined by the board of school directors at a regular meeting, was agreed to by all the members, and was a reasonable allowance. The fact that the official action of the board was not reported on the minutes is not conclusive against the claim, inasmuch as it was competent to show that it was regularly taken, by the testimony of witnesses cognizant of the fact.

2. In such a case it is not necessary to produce an order issued by

the directors to the treasurer for the amount of the commissions, if it appears that the auditors, with the approval of the directors who were present at the audit, stated the treasurer's account, and, after calculating the amount of his commissions, allowed it as a credit.

Argued Dec. 6, 1912. Appeal, No. 256, Oct. T., 1912, by plaintiff, from judgment of C. P. Montgomery Co., March T., 1912, No. 56, for defendant on case tried by the court without a jury in suit of John W. Clark v. Lower Providence Township School District. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Appeal from report of township auditors, by John W. Clark, treasurer of school board.

The case was tried by WEAND, J., without a jury under the Act of April 22, 1874, P. L. 109.

The court filed an opinion finding the facts and law as follows:

### FINDINGS OF FACTS.

1. Samuel G. Reiff was treasurer of the school district of Lower Providence township, Montgomery county, from June, 1911, to December, 1911, when the new board, elected in November, 1911, organized under the Act of May 18, 1911, P. L. 309.

2. At the time of his election as treasurer and the fixing of his compensation he was also a school director.

3. His compensation was not fixed until the summer of 1911 and also agreed upon at the meeting of the auditors. At this meeting all the directors were present, at least part of the time, and agreed upon his compensation, viz.: $202.43; and the auditors thereupon found that amount to be due him. This was at the same rate as had previously been allowed former treasurers, and we find it to be reasonable.

4. No resolution fixing the treasurer's compensation appears on the minutes of the proceedings of the board of

directors; nor was any order drawn in the treasurer's favor.

5. The treasurer retained $202.43, his compensation as agreed upon, and the auditors in their report approved of his so doing by crediting him with this amount as an expenditure by the board.

6. Isaac Z. Reiner was secretary of the school district of Lower Providence township, Montgomery county, from June, 1911, to December, 1911, when the new board, elected in November, 1911, organized under the Act of May 18, 1911, P. L. 309.

7. At the time of his election as secretary and the fixing of his salary the said Reiner was a member of the school board.

8. During his term as secretary the said Reiner performed additional duties to those usually devolving upon a secretary.

9. Said Reiner when asked by the board of directors how much compensation he demanded, agreed to take $50.00, and an order for that amount was granted him and paid by the treasurer. No objection appears to have been made by any member of the board to this claim or that he was entitled to a less amount.

10. The auditors allowed this payment as a proper expenditure by giving credit to the treasurer.

11. We find the amount allowed said Reiner for his services to be a proper allowance.

### CONCLUSIONS OF LAW.

1. That said Samuel G. Reiff, treasurer, should not be surcharged with $202.43, amount of compensation retained by him, and allowed by the auditors, or any part thereof; and that the appeal of John W. Clark in this respect should be dismissed with costs to be paid by him.

2. That said Samuel G. Reiff, treasurer, should not be surcharged $50.00, or any part thereof, allowed by the auditors to Isaac Z. Reiner, secretary, for salary, and that the appeal by said John W. Clark in this respect be dismissed, with costs to be paid by him.

8   CLARK, Appellant, *v.* LOWER PROV. SCHOOL DIST.

Statement of Facts—Opinion of the Court.   [53 Pa. Superior Ct.

3. That said Samuel G. Reiff, treasurer, was authorized to pay said amount of $50.00 to said Isaac Z. Reiner, on the order granted by the school board, and that, if it was an improper allowance, the board of directors, and not said Reiff, were responsible.

*Error assigned* was the judgment of the court.

*J. P. Hale Jenkins,* for appellant.

*Irvin P. Knipe,* with him *J. Stroud Weber,* for appellees.

PER CURIAM, February 27, 1913:

This is an appeal from judgment in an issue framed and tried by the court without a jury on an appeal from the report of the township auditors upon the account of the treasurer of a school district. Manifestly the auditors' report ought to have been printed in the appellant's paper-book. But passing that and the other objections raised by the appellees' motion to quash and motion for nonsuit, and viewing the case upon its merits, we are of opinion that the judgment should be affirmed. The substantial question sought to be raised by the assignments of error is, whether the court erred in refusing to surcharge the treasurer with the amount which the auditors allowed as his compensation. According to the trial judge's findings of fact, which are fully sustained by the evidence, the rate of his compensation (two per cent on the money passing through his hands) was determined by the board of school directors at a regular meeting, was agreed to by all the members, and was a reasonable allowance. The fact that this official action of the board was not recorded on the minutes is not conclusive against the claim; it was competent to show that it was regularly taken, by the testimony of witnesses cognizant of the fact: Roland v. Reading School Dist., 161 Pa. 102; Fisher v. South Williamsport Boro., 1 Pa. Superior Ct. 386, and cases cited at page 404. This having been conclusively shown, the only remaining ob-

jection is that no order was issued by the directors to the treasurer for the amount that his commissions indisputably came to. Instead of requiring the treasurer to produce an order, the auditors, with the approval of the directors who were present at the audit, stated the treasurer's account, and, after calculating the amount of his commissions, allowed it as a credit. We all agree with the learned trial judge that there was no such irregularity in this manner of settling his accounts and ascertaining the amount remaining in his hands payable to his successor, as in law or ordinary fairness was punishable by forfeiture of the compensation he had earned and was legally entitled to.

The judgment is affirmed at the costs of the appellant.