## In re: Financial Statement of the School District of Mauch Chunk Township, Carbon County, Pennsylvania. Appeal of Lehigh Coal & Navigation Company.

*School law—School code—Directors—Secretary and treasurer—Rotation of office among directors—Compensation—Illegality—In equity—Injunction.*

It is illegal for a school board to pay compensation to its secretary and treasurer without first having approved such payments by an affirmative vote of the majority of all the members of the board, duly recorded on its minutes, showing how each member

voted, in accordance with the provisions of section 403 of the School Code of 1911, P. L. 330.

Where such payments have been made, in violation of the provisions of the School Code of 1911, P. L. 330, it is error for the court, on an appeal from the audit of the school accounts, to refuse to surcharge the directors with the amounts illegally expended, especially where the directors have indulged in the illegal practice of electing their members in rotation to the salaried officers of secretary and treasurer.

Argued October 25, 1920.   Appeal, No. 33, Oct. T., 1920, by Lehigh Coal & Navigation Company, from order and decree of C. P. of Carbon County, Oct. T., 1917, No. 63, In re: Financial Statement of the School District of Mauch Chunk Township, Carbon County, Pennsylvania, for the school year ending July 2, 1917.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Reversed.

Bill in equity for an injunction.   Before BARBER, P. J.

The facts are stated in the opinion of the Superior Court.

The court entered the following decree:

And now, July 15, 1919, the objection in the agreement of counsel to item number 2 of the auditors' report of Mauch Chunk Township School District for the year ending July 2, 1917, "Legal services (attorney fees), $1,550," is sustained to the amount of $1,500 for "three years' extra services," and Edward R. Ronemus, Samuel Emanuel, Harry J. Steventon, Albert Norwood and Thomas S. Coxe, school directors of Mauch Chunk Township School District, Carbon County, for the school year ending July 2, 1917, are surcharged with said sum of $1,500, and declared to be individually liable to said school district for said sum, and the prothonotary is directed to enter judgments in favor of said school district of Mauch Chunk Township, and against each of said school directors above named, in the sum of $1,550.

The objection to the remainder of said item number 2 is not sustained.

2. The objection to item number 3 of said report, "salary of secretary of school board, $200," is not sustained.

3. The objection to item number 4 of said report, "fees of treasurer, $886.47," is not sustained.

*Errors assigned* were answers to requests for various findings of fact, conclusions of law, and the decree of the court.

*Benjamin Branch,* of *Freyman, Thomas & Branch,* and with him *William Jay Turner,* for appellant.—The members of the school board should be surcharged with the sum of $1,086.47, being compensation paid out in furtherance of a scheme of personal profit and in direct disobedience of the requirements of the school code: Lamb v. Redding, 234 Pa. 481; Allegheny County v. Grier, 179 Pa. 639; Swartswalter's Account, 4 Watts 77; Waltman v. Albany Twp. School District, 64 Pa. Superior Ct. 458.

*James Smitham,* for appellee.

OPINION BY LINN, J., March 5, 1921:

This appeal brings up the other branch of the inquiry into the conduct of the school directors of Mauch Chunk Township, referred to in the opinion this day filed to No. 34, October Term, 1920, ante p. 428. After the audit of the financial account of the school district as required by section 2625 of the School Code of 1911, P. L. 429, appellant, a taxpayer, duly appealed pursuant to section 2626. At the trial it was stipulated that the objections to the account and the effort to surcharge the directors should be limited to three specified items. Relief was granted as to one of these and refused as to the other two; the refusal resulted in this appeal.

The account is for the fiscal year ended on the first Monday of July, 1917. The items in question are (1)

the compensation of $200 paid to Samuel Emanuel, sec-
retary, and (2) compensation of $886.47 paid to Edward
R. Ronemus, treasurer of the board.   It was also agreed
that the testimony taken in the equity suit (supra)
"shall be considered as testimony taken in this case to-
gether with the interrogatories filed and answers there-
to and all pleadings therein."   In his opinion disposing
of this case, the learned judge said: "The requests for
findings of fact filed in No. 2, October Term, 1917, in
equity, were substantially the same as those presented
in this appeal, and in the findings and conclusions of
the chancellor filed in the equity proceedings and made
a part of this opinion, may be found a full recital of the
relevant facts as well as our conclusions as to the ille-
gality and gross impropriety of selecting the compen-
sated officers in rotation without regard to either fitness
or efficiency for the very end and purpose that the emolu-
ments should be equally shared by all the members of
the board, and that these long continued illegal practices
prejudicial to public interest and against public policy
should be enjoined."   But he concluded: "While we
have no disposition to palliate or excuse the vicious
custom, we do not feel that the circumstances warrant
us in depriving the secretary and treasurer of compen-
sation and in surcharging the directors with the amount
of the two orders in question, particularly in view of the
conclusion that the continuance of the custom should be
enjoined."

We must differ from the court below.   The circum-
stances warrant and the law requires the surcharge.
This appellant taxpayer, acting for itself and for other
taxpayers, brought to the attention of the court in the
manner specified by law "the illegality and gross impro-
priety" and the "vicious custom" before the accounts for
the fiscal year under investigation became final.   Pur-
suant to section 2625 the auditors must "carefully audit
and adjust the financial accounts of the school district
for the preceding school year."   Section 2626 provides

438 In re SCHOOL DIST. OF MAUCH CHUNK TWP.

for an appeal from the auditors' report and that "such appeal shall be disposed of by the court in like manner as appeals from county auditors' reports are disposed of." Section 2627 provides for the collection of sums charged against any person by the auditors if not appealed from. County auditors have power and it is their duty to surcharge officers with sums paid by their direction before the county had become fixed for the payment; they must "take notice of illegal disbursements of the public funds and to charge the officer who is guilty of misappropriation. It is the only protection the people have against the illegal acts of those who have charge of their pecuniary interests......" Com'rs v. County of Lycoming, 46 Pa. 496; see also Wayne Co. v. Waller, 90 Pa. 99, 103. As the expenditure complained of was made in violation of the statute and pursuant to a practice differing little if at all from that condemned some years ago by this court in Schmeck v. School District, 60 Pa. Superior Ct. 183, the payments cannot be sustained. They were made in disregard of specific statutory direction specifying how such obligations may be created and satisfied. Section 403 of the School Code, P. L. 330, provides, "The affirmative vote of a majority of all the members of the board......duly recorded, showing how each member voted, shall be required in order to take action on......fixing salaries or compensation of officers......" These directors made no such record. Their action is shown in the following quotation from the opinion of the learned court below: "At a meeting held July 10, 1917, in pursuance of an adjournment from the regular meeting held July 3d, all the members of the board being present, the minutes show as follows:

" 'The fol. bills were read and approved:
" 'E. R. Ronemus services as treas.,      886.47
" 'S. A. Emanuel services as sec.,      200.00'

"These orders were drawn in payment of services rendered by the treasurer and secretary for the school year ending July 3, 1917, and are the only evidence of any action by the board in relation to the compensation of these officers."

If a school teacher after having rendered satisfactory services for months cannot recover compensation therefor because the school board that employed her has not made the record required by section 403, though she may know nothing about the records of the board, the officers of a school board, who have neglected their own duty to make such records should be in no better position; it has been repeatedly held that in such circumstances a school teacher may not recover: see Waltman v. School District, 64 Pa. Superior Ct. 458, and cases there cited. The learned court below apparently concedes that if the secretary and treasurer had not been paid and sought to recover, they should fail because they made no record required by section 403. But he concluded that since the payments were actually made "for a proper purpose" they should not be disturbed "in the absence of any suggestion of design, or purpose to be served by the failure" to comply with the statutory requirement. But that is not the test; the board must comply with the statute. The decision in Clark v. Lower Providence School District, 53 Pa. Superior Ct., p. 5, does not help the directors. Section 403 of the School Code was not applicable to the expenditure in question in that case; that section makes material additions to the Act of April 11, 1862, P. L. 471, a fact in itself showing legislative purpose not to be disregarded.

We must therefore sustain the 23d and 24th assignments of error. Inasmuch as the decree of the court below sitting in equity to No. 2, October Term, 1917, (in this court No. 34, October Term, 1920, this day affirmed) ordered the payment into the treasury of the school district of $783.40, of which an examination of the findings of facts shows that $440.24 was a part of the compensa-

tion paid to Edward R. Ronemus as treasurer on July 12, 1917, and therefore a part of item No. 4 now in dispute, the record is remanded with instructions to the court below by appropriate order to sustain the objection to the item No. 3 of the financial report, being the "salary of the secretary of the board, $200" and to sustain the objection to item No. 4 of said report "being fees of treasurer $886.47" and to surcharge the directors with said amounts, but reducing the item of $886.47 by such part or all of the amount of $440.24 which shall have been paid pursuant to the decree entered in the court below at No. 2, October term, 1917.

The costs of this appeal shall be paid by the school directors who are appellees.