## East Cocalico Township School District Auditors' Report.

*School law—Salary of treasurer of board—Transportation of pupils to vocational school—School Code of May 18, 1911.*

1. Unless an affirmative vote of a majority of the school board appears on the minutes, fixing the compensation of the treasurer, as required by the School Code of May 18, 1911, P. L. 309, payment of his compensation is illegal and the board must be surcharged. It is not sufficient to prove that the board unanimously agreed, after discussion but without taking an affirmative vote, to let the treasurer's compensation remain as it had been in previous years.

2. The School Code provides that pupils residing more than one and a-half miles from any school, either elementary, high or vocational, shall be transported by the district, but gives to those attending elementary schools only the right to attend a school in a neighboring district.

Appeal from auditors' report. C. P. Lancaster Co., Trust Book 25, page 290.

*M. G. Schaeffer*, for appeal; *John A. Coyle*, contra.

HASSLER, J., March 4, 1922.—This is an appeal by taxpayers of East Cocalico Township from the report of the township auditors in auditing the accounts of the school board of that township for the year ending July 21, 1921. In the appeal two items of expenditure by the school board are excepted to. The first is to the payment by the board of the expense of transporting pupils to the vocational school, and the second is to the payment to the treasurer of the board of compensation to the amount of $400.

We will consider the second exception first. Section 329 of the Act of 1911, the School Code, provides that the compensation of the school treasurer shall be fixed by the board of school directors, but shall not exceed 2 per cent. of the amount of funds paid out on such orders. As the amount paid out by the school district on school orders for the year ending July 1, 1921, was $23,614.74, the amount paid to the treasurer was not excessive. The payment is objected to because it is alleged that section 403 of the Act of May 18, 1911, P. L. 309, known as the School Code, was not complied with, in that no affirmative vote of all the members of the board of school directors was had on the amount of compensation to be allowed the treasurer, and it was not duly recorded on the minutes showing how each member voted. The minutes were not produced, but C. P. Whitman, who was secretary of the board at the time, testified that it was the understanding when the board organized on July 3, 1920, that the treasurer was to receive as compensation 2 per cent. of the expenditures made by the board; that it was talked over, but no resolution to that effect was presented and entered on the minutes. He testified, on cross-examination, that it was fixed at 2 per cent. thirteen or fourteen years ago, and every year it was agreed to let it remain at that, and that *no formal resolution to that effect was passed.* On July 3, 1920, it was unanimously agreed to pay the treasurer 2 per cent., but no vote was taken and it was not entered on the minutes. He testified, also, that such resolution was passed at the first meeting of the board after the passage of the Act of 1911, but not since, and it was agreed to let it remain that way. This testimony was not contradicted in any particular.

In the case of In re School District of Mauch Chunk Township, 75 Pa. Superior Ct. 434, it is decided that unless an affirmative vote of a majority of the school board appears on the minutes, fixing the compensation of the treasurer as required by the School Code, payment of his compensation is illegal, and the board (not the treasurer) must be surcharged. Judge Linn, in delivering the opinion of the court, said: "As the expenditure complained

of was made in violation of the statute and pursuant to a practice differing little, if at all, from that condemned some years ago by this court in Schmeck v. School District, 60 Pa. Superior Ct. 183, the payments cannot be sustained. They were made in disregard of specific statutory directions specifying how such obligations may be created and satisfied. Section 403 of the School Code (P. L. 330) provides: 'The affirmative vote of a majority of all the members of the board, . . . duly recorded, showing how each member voted, shall be required in order to take action on . . . fixing salaries or compensation of officers. . . .' These directors made no such record. . . .

"The learned court below apparently concedes that if the secretary and treasurer had not been paid and sought to recover, they should fail because they made no record required by section 403. But he concluded that since the payments were actually made 'for a proper purpose,' they should not be disturbed, 'in the absence of any suggestion of design or purpose to be served by the failure' to comply with the statutory requirement. But that is not the test; the board must comply with the statute. The decision in Clark v. Lower Providence School District, 53 Pa. Superior Ct. 5, does not help the directors. Section 403 of the School Code was not applicable to the expenditure in question in that case; that section makes material additions to the Act of April 11, 1862, P. L. 471; a fact in itself showing legislative purpose not to be disregarded."

It is clear from this that the directors, having failed to take an affirmative vote and have it recorded upon the minutes when they unanimously agreed that the compensation of the treasurer for the year ending July 1, 1921, should be 2 per cent. of the amount expended by the board, did not comply with the act of assembly, and such payment, if made, is illegal, and the directors must be surcharged that amount.

The first exception is to the payment by the board of so much of the expenditure for transporting pupils as was expended in transporting pupils to the vocational school of the district. The amount expended for the transportation of pupils was $422.61. It was testified to, and not contradicted, that $182.06 of this amount was expended for the transportation of pupils to the vocational school.

Section 1404 of the Act of May 18, 1911, P. L. 309, provided, inter alia, that "the board of school directors of any school district in this Commonwealth may, out of the funds of the district, provide for the free transportation of any pupil to and from the public schools." The act of assembly recognizes and describes three classes of schools, elementary, high and vocational, and the provision as to the transportation of pupils applies to the pupils of all of them. It is true, as contended, that the first part of the section refers to transportation of pupils residing one and a-half miles or more from the nearest elementary school, and provides that such pupils, unless free transportation is furnished by the district, may, without the consent of the board, attend a more convenient school in a neighboring district at the expense of the district in which such pupil resides. This does not limit the provision as to transportation to those attending elementary schools, but gives the right to attend a school in a neighboring district, upon failure to furnish free transportation, only to such pupils as attend elementary schools. The act provides that a district shall be required to transport all pupils residing more than one and a-half miles from any elementary, high or vocational school, and the amount expended by its board of directors in transporting pupils to the vocational school was properly made. The exception is, therefore, dismissed.

2 D. & C.

The second exception, as we have shown above, is sustained, and, following the case of In re School District of Mauch Chunk Township, 75 Pa. Superior Ct. 434, we surcharge the directors with the amount of $400, which was paid to the treasurer as compensation for his services for the year ending July 1, 1921.

From George Ross Eshleman, Lancaster, Pa.