## Commonwealth ex rel. Ake *v.* Blough et al., Appellants.

Argued May 9, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*J. Colvin Wright,* for appellants.

*Alvin L. Little,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, June 17, 1938:
This is an appeal from a decree in mandamus directing defendant school board to enter into a contract with the relator for the school year 1937-1938.

Relator has been engaged as a principal of the school district since April 10, 1934. After passage of the Teacher's Tenure Act of April 6, 1937, P. L. 213, 24 PS Section 1121, he demanded a contract which was refused. He, then, instituted this mandamus proceeding.

The school district denies that relator was an employee at the time the Teacher's Tenure Act went into effect and contends that he is not entitled to the benefit of its provisions. It is argued that he was not properly appointed under the Act of May 18, 1911, P. L. 309, Article IV, Section 403, 24 PS Section 334. This act provides: "The affirmative vote of a majority of all the members of the board of school directors in every school district in this Commonwealth, duly recorded, showing how each member voted, shall be required in order to take action on the following subjects: . . . Appointing . . . principals."

This provision has been construed to require the minutes of the school board to show that a majority of the school directors voted in favor of the appointment of the particular principal, and to set forth the vote of each director. The provision is mandatory and must be complied with: *Potts v. Penn Twp. School District,* 127 Pa. Superior Ct. 173, 193 A. 290, and cases there cited. The minutes of the defendant school board contain the following: "April 10, 1934, after hearing from eleven in person, some applicants, some interested teachers relative to a principal for the next year, it is so moved by John Baker and seconded by Lloyd Clapper to elect Mr. John Ake of Martinsburg as principal. . . . The directors answered yes as they were called."

These minutes are a substantial compliance with the act. The School District of South Woodbury Township is a fourth class school district. In such a district the board is composed of five members: Act of May 18, 1911, P. L. 309, Article II, Section 205, as amended, 24 PS Section 165. The minutes show at least a majority of the directors were present, because two directors, Baker

and Clapper, are named and the secretary, who was also a member, took the minutes and therefore he was present. The minutes also show that all directors present voted in the affirmative on the motion to elect. "The minutes must upon their face show, in express words or by necessary implication the names of the directors who voted in favor of the appointment and that they constituted a majority of the entire board. . . . When the minutes state the names of the directors present, and show that they constitute a quorum, and state that the vote was unanimous or that all members voted in the affirmative, this is a substantial compliance with the statute": *McCandless v. Summit School Dist.*, 55 Pa. Superior Ct. 277. Here the minutes show by necessary implication that at least a majority of the directors were present and that all who were present voted for the appointment.

The decree is affirmed. Costs to be paid by the school district.