## Price et al., Appellants, v. Taylor Borough School District et al.

Argued March 6, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH and ROSS, JJ.

*J. Hayden Oliver,* with him *Walter W. Harris* and *O'Malley, Hill, Harris & Harris,* for appellants.

*Raymond T. Law,* with him *Mackie, Murphy & Law,* for appellees.

190

OPINION BY RENO, J., April 16, 1945:

This appeal is by plaintiff taxpayers of the Borough of Taylor from the decree dismissing a bill in equity brought to restrain defendant John Colan from acting as treasurer of the school district of the borough and to restrain the district and the school board from paying Colan compensation as treasurer at the rate which the board purported to fix. The facts were submitted in a case stated, with the right to appeal reserved, and the questions of law presented to the court were whether Colan had been validly elected to the office of treasurer and, if so, whether his right to receive compensation had been established in the manner required by law.

Defendant school district is a district of the third class and on May 8, 1942, was composed of seven members as required by the School Code of May 18, 1911, P. L. 309, §204, 24 PS §164. The board met on that date, but the minutes of the meeting, approved June 12, 1942, contain no indication that the election of a treasurer was part of the business then before the directors, although it is alleged that Colan was unanimously elected to the office for the school year 1942-1943 by a vote of all seven directors which the secretary inadvertently omitted to record. On July 17, 1942, with the full membership present, the minutes of the board disclose that "Treasurer John Colan" presented a fidelity bond in the sum of $20,000 which was unanimously approved. By November 13, 1942, and at all material times thereafter, one of the members of the board was serving with the armed forces and was no longer in attendance at the meetings. At a meeting held on that date a resolution was presented which recited that the minutes of the May 8, 1942, meeting contained no reference to the election of a treasurer, that the members had a distinct recollection that Colan had been elected at that time, and that Colan's bond had subsequently been accepted, and resolving that Colan's election as treasurer be ratified. The resolution received four af-

firmative votes, among which was Colan's, and two votes in opposition to it. At the same meeting a second resolution proposed a nunc pro tunc appointment of Colan, to be effective as of the first Monday in July, 1942. The vote registered upon this resolution was the same as that recorded upon the preceding one. On November 27, 1942, a resolution fixing Colan's compensation at $1\frac{3}{4}\%$ of the amounts expended on school orders was voted upon. The minutes of this meeting show that four members of the board, including Colan, voted in favor of the resolution and that the remaining two directors who were present opposed it. The treasurer's commission in effect for the previous school year was at the rate of 1%. Whether Colan was treasurer during the 1941-1942 school year does not appear of record. Colan entered upon his duties and performed them in full, and plaintiffs' challenge to his right to compensation is not based on any charge of incompetence or corruption on his part.

It was agreed in the case stated that four of the directors would testify, if called, that Colan was unanimously elected treasurer at the meeting of May 8, 1942, and that the omission to record the vote in the minutes of the board was an oversight on the part of the secretary; and that the other two available directors would testify they had no recollection of any election having been conducted at that time. Plaintiffs, asserting that the minutes could not be supplemented by other evidence, objected to the consideration of the testimony stipulated, but the chancellor found as a fact that the unrecorded election had occurred and that Colan had received a unanimous vote. The court en banc dismissed plaintiffs' exceptions to the decree nisi relating to the regularity of the proof of Colan's election but sustained their exceptions to the chancellor's conclusion that his compensation had been regularly fixed by the board. Curiously, after sustaining some

of plaintiffs' exceptions the court confirmed the decree nisi and dismissed the bill.

The first question to be considered here is whether Colan's election to the office of treasurer can be shown by evidence aliunde the minutes of the meeting of May 8, 1942, or whether the silence of the minutes is conclusive that no election was held at that time.

Section 303 of the School Code, as amended, 24 PS §214, provides in part: "In each school district of the ...... third ...... class, the school directors shall ...... annually, during the month of May, elect a treasurer to serve for one year beginning the first Monday in July following such election. ......" In §403 of the School Code, 24 PS §334, it is provided: "The affirmative vote of a majority of all the members of the board of school directors ......, duly recorded, showing how each member voted, shall be required in order to take action on the following subjects:—...... Appointing tax-collectors and other appointees. ...... Fixing salaries or compensation of officers, teachers, or other appointees of the board of school directors."

We cannot agree with plaintiffs that the phrase "Appointing tax-collectors and other appointees" in §403 applies to the election of a treasurer and invalidates an election of which no written minute is preserved. It would be unreasonable to denominate an officer of the board an "appointee" within the meaning of that phrase of the section when, in the subsequent clause relating to the fixing of compensation, the legislature used the word "officers" where it intended to include them in the class to whom the strict procedural requirements were to be applied. Section 303 of the Code, which relates specifically to the subject of the election of officers, makes no special provisions for the recording of the board's action, and we take it, therefore, that no higher formality is required with respect to elections than is prescribed by §314 of the Code, 24 PS §271, which provides: "The secretary

of the board of school directors shall keep a correct and proper record of all the proceedings of the board ......" Section 314 is directory merely, defining, as it does, a portion of the secretary's duties, but unlike §403 it contains no mandate that correct and proper records "shall be required in order to take action" on all matters coming before the board for consideration. The board's actions are not impeachable for lack of records unless the action assailed is one of those enumerated in §403. As this is true, it is well settled that the fact of the board's taking action may be shown by parol testimony which supplies a deficiency in the minutes. *Roland v. Reading School District (No. 1)*, 161 Pa. 102, 28 A. 995; *School Directors v. McBride*, 22 Pa. 215; *Clark v. Lower Providence Township School District*, 53 Pa. Superior Ct. 5; *Cooper v. Plymouth Township School District*, 39 Pa. Superior Ct. 485. It is only where a statute requires that the actions of the board be evidenced by written minutes of specified content before the school district may be bound that parol evidence of what transpired at a meeting must be excluded. *Com. ex rel. v. Sunbury School District*, 335 Pa. 6, 6 A. 2d 279; *Dyberry School District v. Mercer*, 115 Pa. 559, 9 A. 64; *Strine v. Upper Merion Township School District*, 149 Pa. Superior Ct. 612, 27 A. 2d 552; *Potts v. Penn Township School District*, 127 Pa. Superior Ct. 173, 193 A. 290.

As it was competent to prove other than by the official minutes that Colan was elected treasurer, we are concluded by the chancellor's finding of fact, affirmed en banc, if it is supported by substantial evidence. *Quinn Coal Co. v. Scranton Anthracite Coal Co.*, 350 Pa. 21, 38 A. 2d 77. The chancellor's findings are sufficiently founded upon the stipulated testimony of the four board members and the inference to be drawn from the approval, on July 17, 1942, of Colan's bond as "Treasurer." There is no occasion to pass upon what effect, if any, could have been given to the two

resolutions of November 13, 1942, where Colan's affirmative votes were required to secure favorable majorities of the members present at the meeting.

The remaining question is whether, conceding Colan's election on May 8, 1942, to have been established, plaintiffs are entitled to a decree restraining the payment of compensation to him on the ground that his commissions were never authorized in the manner set out in the School Code.

As previously pointed out, §403 of the Code requires "the affirmative vote of a majority of all the members of the board ...... duly recorded, showing how each member voted, ......" in order for the compensation of one of the officers of the board to be fixed. This section is mandatory and there must be strict compliance with its provisions before any rights can be acquired against a school district. *Com. ex rel. Ake v. Blough,* 330 Pa. 590, 200 A. 10; *Jackson v. Conneautville Borough School District,* 280 Pa. 601, 125 A. 310; *School District of Dennison Township v. Padden,* 89 Pa. 395; In re: *School District of Mauch Chunk Township,* 75 Pa. Superior Ct. 434; *McCandless v. Summit School District,* 55 Pa. Superior Ct. 277. If the statutory methods for the authorization of expenditures are not pursued, a deserving plaintiff can have no recovery, even on a quantum meruit, for the statute excludes all equities and implied liabilities. In re *Appeal of Sykesville Borough,* 91 Pa. Superior Ct. 335; *Waltman v. Albany Township School District,* 64 Pa. Superior Ct. 458.

No attempt was made to fix Colan's compensation until November 27, 1942, at which time only six of the seven members of the board were in attendance at the meeting. Four of those six, including Colan, voted for the resolution and two are recorded as having opposed it; but as the four affirmative votes required by the statute, excluding Colan's, were not cast, the resolution was not properly adopted, for Colan was disqualified from voting for himself under the circumstances.

In *Commonwealth v. Raudenbush,* 249 Pa. 86, 89, 94 A. 555, it was decided that a member of a borough council could not cast the deciding vote in favor of accepting his own resignation, and the Supreme Court held: "He cannot serve two masters at the same time. He is a trustee for the municipality and he may not deal with himself in any matter which concerns it. His cestui que trust has the right to his best judgment in everything that appertains to its business or welfare unaffected and unprejudiced by anything which might enure to his own interest as an individual." *Reckner v. German Township School District,* 341 Pa. 375, 377, 19 A. 2d 402, established that the treasurer of a school board, who was also a member of the board, could not vote on a resolution increasing his own salary, because: "...... a thorough study of the [School Code] fails to reveal any indication whatsoever that it was the legislative intent to abrogate the well-founded and long-established public policy that one who has a direct personal interest in a matter under consideration by a representative public agency of which he is a member is disqualified from voting thereon, and if his vote is determinative, the action taken is void." If Colan was treasurer of the board during the school year 1941-1942, when the treasurer's commission was at the rate of 1%, his vote on the resolution raising the compensation to 1¾% falls squarely within the denunciation of the Reckner decision and was clearly void. Assuming he was elected to serve for the first time during the school year 1942-1943, the same principle would invalidate his own interested vote. As his personal welfare would be advanced by the award to him of any compensation, his interests would necessarily be adverse to those of the taxpayers of the district. The taxpayers are entitled to be protected against the temptations inherent in such a situation and to have their funds expended only upon the vote of at least four directors without

opportunity personally to profit by their decision upon the merits of a pending resolution.

Only the resolution of November 27, 1942, is within the scope of our disapproval. If compensation can be lawfully paid to the treasurer by virtue of some other resolution of the board that is free from legal infirmity, this decision does not forbid such payment.

The sixth and seventh assignments of error are sustained; the decree is reversed; the record is remitted to the court below with instructions to enter a proper decree consistent with this opinion; and the school district shall pay the costs.