# Commonwealth, Appellant, v. Krapf.

*Municipalities—Councilmen—Resignation—Election of successor—Invalid election.*

A borough councilman, who had resigned, voted for a resolution accepting his resignation and appointing a successor. The resolution was passed by a majority of one. In quo warranto proceedings to determine the right of the person named in the resolution as such councilman's successor to hold office, the lower court held that the election was valid. *Held,* (1) that until the retiring

councilman had ceased to be a member by the acceptance of his resignation, a successor could not be elected, or appointed by the council; (2) that if his resignation was accepted by the resolution, his vote must be excluded in determining whether the person named therein as his successor was elected; (3) that by the exclusion of such councilman's vote a tie would result, and that defendant's election, therefore failed.

Argued Feb. 16, 1915. Appeal, No. 327, Jan. T., 1914, by plaintiff, from judgment of C. P. Schuylkill Co., March T., 1914, No. 186, of ouster in quo warranto proceedings, in case of Commonwealth of Pennsylvania, ex rel., C. A. Whitehouse, District Attorney of Schuylkill County, v. Henry Krapf. Before BROWN, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Suggestion for quo warranto to oust the defendant from the office of borough councilman.

Demurrer to answer to suggestion. Before KOCH, J.

The opinion of the Supreme Court states the facts.

The court overruled the demurrer. Plaintiff appealed.

*Error assigned* was in overruling the demurrer.

*C. E. Berger,* for appellant.

*William C. Devitt,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, April 12, 1915:

This is a suggestion filed in the court below for a writ of quo warranto to determine the right of the defendant to the office of councilman in the Borough of Ashland. An answer was filed to which the plaintiff demurred. The court overruled the demurrer and the plaintiff has appealed.

The facts are not in dispute. Ashland is a duly incorporated borough, and is divided into five wards in each of which three members of the town council are elected. T. W. Raudenbush, a councilman for the fourth ward,

attended the meeting of the council held on January 5, 1914, and, after his election to the office of superintendent of the water-works, presented in writing his resignation as a councilman, as follows: "To the Chairman and Members of Council. I hereby tender my resignation as a member of council and would recommend Henry Krapf as my successor. T. W. Raudenbush." A motion was made to accept the resignation in this form which was carried by a vote of eight to seven, Raudenbush voting with the majority. The president of the council thereupon declared Raudenbush's resignation accepted and Henry Krapf elected as his successor. Krapf qualified immediately and took the oath of office which admitted him to his seat as a member of the council for the fourth ward, and continues to discharge the duties of the office.

The Commonwealth contends that no vacancy exists in the town council, that Raudenbush could not vote for the acceptance of his resignation which otherwise would not have been accepted as the vote was a tie, that if a vacancy did exist by the resignation of Raudenbush he could not vote for the election of his successor, and that since the election of Krapf depended upon the vote of Raudenbush it is void.

The defendant contends that he was sworn in as a member of council by the consent of the members who were present, which was a ratification of his election. He admits that he is acting as councilman by virtue of his election on January 5, 1914. He contends that Raudenbush had the right to vote on the motion to accept his own resignation and to elect his successor at the same time.

It appears that the Borough of Ashland was incorporated under a special act of assembly which provides that "it shall enjoy the privileges and be subject to the limitations and restrictions of the general laws and regulations of this Commonwealth relating to boroughs." The learned court below held that in view of the provis-

ion of the general borough law "that the officers elected shall serve until others are duly elected and qualified," a councilman who resigns his office is compelled to serve until his successor is elected and qualified. It held that the presentation of a councilman's resignation creates no vacancy, but the resignation must be accepted and even then the councilman must serve until someone is elected and qualified as his successor. This is the ground upon which the learned court overruled the demurrer.

We might dispose of this case very summarily. It is a truism that if there was no vacancy in the council, no election could take place and no person could be elected as a councilman. If there was a vacancy at the time of the election, created by the resignation of Raudenbush, the vacancy was not filled by the election of defendant, as Raudenbush was no longer a member of the council, and the remaining members being equally divided, the defendant failed to receive a majority of the votes as Raudenbush's successor, and hence was not elected and is not entitled to the office. It is apparent, therefore, that the defendant, in any aspect of the case, has no right to the office of councilman under the election which took place on the fifth of January.

We are not disposed, however, to rest the decision upon this view of the case. The resignation was not effective until it was accepted: Steel v. Commonwealth, 18 Pa. 451; Fryer v. Norton, 67 N. J. L. 537; Edwards v. United States, 103 U. S. 471, 2 McQuillin Mun. Corp., Sec. 498. It would have created a vacancy if accepted: 23 Am. & Eng. Ency. of Law (2d Ed.) 350. The attempted juggling by Raudenbush with his resignation by having it accepted and his successor elected by the passage of one and the same resolution will not avail him or his successor. If it be conceded that he had the right to vote for the acceptance of his resignation, the vote should have been taken and the resignation accepted prior to the election to fill the vacancy. It is conceded that a councilman may resign his office and when the resigna-

tion has been accepted there is a vacancy which may be filled by the members of council. Section 4 of the Act of June 1, 1883, P. L. 54, provides that the members of town councils shall have power to fill any vacancy which may occur therein by death, resignation, removal from the borough, or otherwise until the next annual election for members of council. Manifestly the vacancy could not be filled until one was created in one of the several ways provided in the act. The act clearly contemplates in the use of the word "resignation" that it shall have been accepted, or that an acceptance was not necessary, as otherwise there would be no vacancy which could be filled under its provisions. If a vacancy is created by either of the several ways suggested in the act, the former occupant of the position is thereafter no longer a member of the council and necessarily cannot vote to fill the vacancy or on any other matters which may come before the council. Without further discussion, therefore, we are clear that until Raudenbush had ceased to be a member of council there was no vacancy and hence his successor could not be elected or appointed by the council. If his resignation was accepted at the meeting of council on January 5th, his vote must be excluded in determining whether Krapf was elected as his successor. That would result in a tie vote and the failure of election by the defendant.

The Borough of Ashland was incorporated under the Act of February 13, 1857, P. L. 36. By a supplement to the act, passed April 8, 1864, P. L. 343, Sec. 2, it was provided that "any vacancy, which may occur in said town council, may be filled by the remaining councilmen, until the next election, when the same shall be supplied by an election." It is contended by the appellant that the vacancy in the present case must be filled under the provisions of the Act of 1864 by "the remaining councilmen," and not under the general law which, it is claimed, does not repeal the special act in view of Malloy v. Commonwealth, 115 Pa. 25, and Clarion Borough's Election, 189

Pa. 79. If this contention be correct, of course, the Act of 1864 recognizing the fact that the office must be vacant before a successor is elected, the vacancy must be filled by the remaining councilmen, and Raudenbush had no right to participate in the election. We do not regard it necessary, however, to rule the case under this legislation.

It may be suggested that Section 19 of the General Borough Law of April 3, 1851, P. L. 320, which provides that "the officers elected shall serve until others are duly elected and qualified" has no application to the facts of the present case. It applies when a councilman or other borough officer has served the term prescribed by law, and his successor has not been elected and qualified. In such case, he continues to hold the office until there is a duly constituted successor: Commonwealth v. O'Neal, 203 Pa. 132.

The judgment is reversed, and judgment is now entered in favor of the Commonwealth upon the demurrer; and it is further ordered and adjudged that the defendant, Henry Krapf, be ousted and altogether excluded from his office as councilman of the fourth ward of the Borough of Ashland, Schuylkill County, and that he pay the costs of this proceeding.