# Commonwealth, Appellant, *v*. Raudenbush.

*Municipalities—Boroughs—Councilmen — Disqualification from voting—Dual office holding—Act of March 31, 1860, P. L. 382.*

1. As no member of a governing body may vote on any question involving his own character or conduct, his right as a member, or his pecuniary interest, if that be immediate, particular, and distinct from the public interest, a member of a borough council is disqualified from voting for a resolution accepting his resignation from the council.

2. In quo warranto proceedings to determine defendant's right to occupy the office of water superintendent of a borough, it appeared

that the defendant had been a member of the borough council, that he had resigned and voted for the resolution accepting his resignation, that immediately thereafter, he had been elected water superintendent. *Held,* that defendant could not vote for the acceptance of his own resignation, which therefore never became effective, that he was a member de jure of the council and was therefore prohibited by the Act of March 31, 1860, P. L. 382, from holding any borough office.

Argued Feb. 16, 1915.  Appeal, No. 325, Jan. T., 1914, by plaintiff, from judgment of C. P. Schuylkill Co., March T., 1914, No. 187, of ouster in quo warranto proceedings, in case of Commonwealth of Pennsylvania, ex rel., C. A. Whitehouse, District Attorney of Schuylkill County, v. T. W. Raudenbush.  Before BROWN, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Suggestion for writ of quo warranto to determine defendant's right to hold office as water superintendent of a borough.

Demurrer to answer to suggestion.  Before BECHTEL, P. J.

The opinion of the Supreme Court states the facts.

The court overruled the demurrer.  Plaintiff appealed.

*Error assigned* was in overruling the demurrer.

*C. E. Berger,* for appellant.

*William C. Devitt,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, April 12, 1915:

This is a suggestion for a writ of quo warranto to determine the right of T. W. Raudenbush to hold the office of water superintendent of the Borough of Ashland, Schuylkill County.  The facts are stated in the opinion filed herewith in Commonwealth v. Krapf, 249 Pa. 81, except that Raudenbush, the defendant, resigned his po-

sition as water superintendent on February 4, 1914, and was immediately reelected to the same position by council. The writ in this case was issued two days prior to the resignation and the reelection of Raudenbush, and this proceeding was then pending for the ousting of Raudenbush from the position of water superintendent.

We are of opinion that Raudenbush could not vote for the acceptance of his own resignation which, therefore, never became effective. In 28 Cyc. 337, citing numerous authorities to sustain the text, it is said : There is a general rule of law that no member of a governing body shall vote on any question involving his own character or conduct, his right as a member, or his pecuniary interest, if that be immediate, particular, and distinct from the public interest." A member of a municipal council is disqualified from voting in proceedings involving his personal or pecuniary interest: 20 Am. & Eng. Ency. of Law, (2d Ed.), 1214. We have been referred to no authority and have found none which permits a member of council to vote for his own resignation. It is against public policy for a representative of a municipality to vote in its legislative body on any matter which affects him individually. Raudenbush's resignation, therefore, never became effective, and he is still a member de jure of the council so far as his attempted resignation deprives him of the right to exercise the functions of the office. This was the situation not only when he was elected water superintendent on January 5, 1914, but when he was reelected superintendent after his resignation of the position on February 4, 1914. The defendant manifestly doubted the legality of his first election as water superintendent to which a salary is attached, or otherwise he would not have tendered his resignation as such, as he says, "inasmuch as the legality of a councilman voting for himself for water superintendent or any office to which a salary is attached appears to be questioned." We think he was correct in assuming that he could not legally be elected or hold the office of water

superintendent while he was a member of the council which elected him. A councilman cannot vote on any contract or measure in which he is pecuniarily interested. This was the rule of the common law and statutes have been enacted in most jurisdictions forbidding such voting. A councilman cannot act for the municipality and at the same time act for himself individually. He cannot serve two masters at the same time. He is a trustee for the municipality and he may not deal with himself in any matter which concerns it. His cestui que trust has the right to his best judgment in everything that appertains to its business or welfare unaffected and unprejudiced by anything which might enure to his own interest as an individual. We, however, have a statute in this State which forbids the defendant holding the position of water superintendent under the borough council while he is a member of the council. Section 65 of the Act of March 31, 1860, P. L. 382, provides, inter alia: "It shall not be lawful for any councilman, burgess, trustee, manager or director of any corporation, municipality or public institution, to be, at the same time, a treasurer, secretary or other officer, subordinate to the president and directors, who shall receive a salary therefrom, or be the surety of such officer, nor shall any member of any corporation or public institution, or any officer or agent thereof, be in any wise interested in any contract for the sale or furnishing of any supplies, or materials to be furnished to, or for the use of any corporation, municipality, or public institution of which he shall be a member or officer." The section further provides that either of such officers guilty of the offense "shall forfeit his membership in such corporation, municipality or institution and his office or appointment thereunder, and shall be held guilty of a misdemeanor." This act clearly covers the present case and prohibits the defendant holding the office of water superintendent and receiving a salary for his services under an appoint-

ment by the council. It follows that a judgment of ouster must be entered against him.

The judgment is reversed, and judgment is now entered in favor of the Commonwealth upon the demurrer; and it is further ordered and adjudged that the defendant, T. W. Raudenbush, be ousted and altogether excluded from his office as water superintendent of the Borough of Ashland, Schuylkill County, and that he pay the costs of this proceeding.