Genkinger *v.* New Castle, Appellant.

Argued September 26, 1951.   Before DREW, C. J.,
STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Alvah M. Shumaker,* with him *Ralph A. Cooper,* for
appellants.

*Sherman K. Levine,* District Attorney, with him
*John S. Powers, Robert White,* City Solicitor, and
*Robert E. Jamison,* Assistant City Solicitor, for appel-
lee.

OPINION BY MR. JUSTICE BELL, November 15, 1951:
Plaintiff brought a taxpayer's bill to declare null

and void an *ordinance* of the City of New Castle, enacted *December 1, 1947*, setting up a pension or retirement system for officers and employees of the City, and praying for an injunction to prevent payments thereunder by the City to the Officers' and Employees' Retirement Board.

Municipalities are not sovereigns; they have no original or fundamental power of legislation; they have the right and power to enact only those ordinances which are authorized by an act of the legislature: *Kline v. Harrisburg*, 362 Pa. 438, 68 A. 2d 182; *Murray v. Phila.*, 364 Pa. 157, 71 A. 2d 280.

Moreover, an ordinance must be in conformity with the provisions of the enabling statutes; if it conflicts therewith it is void: *Bussone v. Blatchford*, 164 Pa. Superior Ct. 545, 67 A. 2d 587; *Grisbord v. Phila.*, 148 Pa. Superior Ct. 91, 24 A. 2d 646; *Kline v. Harrisburg*, 362 Pa., supra; 1 Dillon on Municipal Corporations, 5th Ed., 449.

The Legislature of Pennsylvania by Act of May 23, 1945, P. L. 903, 53 P.S. 12198, 4371-4384, authorized Cities of the Third Class to establish a retirement system for officers and employees and prescribed certain conditions or limitations. The Act expressly permitted such a city to include in a pension ordinance persons who were officers or employees of the city at the time of the enabling ordinance and those who were thereafter elected.

The third class city of New Castle had a Council of five members composed of the Mayor and four elected officials. The Ordinance of December 1, 1947 covered all the Councilmen and if valid would permit 4 of the 5 to retire on a pension at the end of their respective terms, which was 1948 for one councilman and 1952 for three councilmen. Their ages varied from 55 to 72. *Two* of them had served the City of New Castle *for 8*

*years; one for 15 years;* and *one for 19 years.* The heart of the Ordinance was contained in Section 7 and Section 14. A, B and C of Section 7 dealt with officers or employees who had attained or shall attain the age of 60 years *after having served 20 years.* These are in conformity with Section 4 (a) of the Act and appear to be valid. D, E and F of Section 7, as well as other parts of the Ordinance, appear to be invalid and therefore require further discussion.

(1) The Act, *Section 4 (b),* provided that where an officer or employee is involuntarily retired after serving between 12 and 20 years, he shall be entitled to such proportion of full compensation as the period of his service bears to 20 years; and where an officer or employee's tenure of office is involuntarily terminated after 20 years' service, he shall be entitled to full compensation for the remainder of his life.

The Ordinance, *Section 7 D,* authorized an employee to involuntarily retire after 12 years of service. The Ordinance, *Section 7 E, applied only to elected officials* and provided that anyone who had served 12 years or more and voluntarily quits or otherwise retires, is entitled to a pension based upon the years served divided by 20. *Section 4 (b)* of the Act has been declared void and it follows that Sections 7 D and 7 E of the Ordinance, which are based thereon, are likewise null and void: *Altieri v. Allentown Retirement Board,* 368 Pa. 176, 81 A. 2d 884.

(2) Section 4 (b) of the Act further provided that if an officer or employee is *permanently disabled* before attaining the age of 55 years and has *served* the City *15 years* he would be entitled to receive full compensation. *Section 7 F* of the Ordinance, which was obviously passed for the benefit of one councilman, provided that if an employee is *permanently disabled after 1 year's service* he should receive a pension.

(3) Section 10 of the Ordinance provides that anyone working for an agency of the City financed in whole or in part by funds not of the City, can join the retirement system and such agency shall pay such money as the Board shall require. *The Act of the Legislature nowhere authorizes such a municipal provision.*

(4) *The Act is silent as to amendment or repeal. Section 14* of the Ordinance provides that *if the Ordinance is amended* at any time *without the consent of more than 50% of the contributors* to or beneficiaries of the fund, the fund shall be liquidated upon a petition to the Board signed by a majority of contributors and beneficiaries. This deprives future Councils of the right of amendment without the consent of a majority of the contributors, even where a contributor's rights have not matured; and *it is certainly contrary to public policy.* But *Section 14* of the Ordinance goes even further and provides that if the Ordinance is *repealed* at any time, the fund shall be liquidated and distributed among beneficiaries and contributors in proportion to their contribution, thus requiring public or tax money which has been paid into the fund to be forthwith distributed to the contributors or beneficiaries. *There is no provision in the Act authorizing this shackling or impairment of the right of future Councils to amend or repeal the Ordinance.*

*It is a well and wisely established principle of public policy in Pennsylvania that a public official may not use his official power to further his own interests. This principle* originated in the common law and has become embodied in the Constitution of Pennsylvania* and has been declared to be the policy of this state in many Acts of Assembly: *Reckner v. German Township School District,* 341 Pa. 375, 19 A. 2d 402; *Com. v. Raudenbush,* 249 Pa. 86, 94 A. 555; *Com. ex rel McCreary v. Major,*

---

* Art. III, Section 13.

343 Pa. 355, 22 A. 2d 686; 62 C. J. S. §402, p. 761; 43 Am. Jur. §266, p. 81; The Third Class City Law of June 23, 1931, P. L. 932, Art. X, §1009, 53 P.S. 12198-1009. The reasons for this must be obvious—a man cannot serve two masters at the same time, and *the public interest must not be jeopardized by the acts of a public official who has a direct pecuniary or personal or private interest which is or may be in conflict with the public interest.*

With respect to the specific issues in this case, the authorities have held that a councilman is disqualified from voting in any matter or proceedings where he has a direct personal or pecuniary interest, and the prohibition is so strictly enforced that if a measure is passed by the vote of one or more persons who have a direct private interest therein, no matter how beneficial the ordinance may be, it is void: *Reckner v. German Township School District,* 341 Pa. 375, supra; *Com. v. Raudenbush,* 249 Pa. 86, supra; The Third Class City Law, June 23, 1931, P. L. 932, §1009, supra. There is no doubt that, as stated by President Judge BRAHAM in his able opinion for the court below, each of the four Councilmen had a direct pecuniary interest in certain important pension provisions of the Ordinance. However, because of necessity, the legislature in this instance expressly or by necessary implication authorized Councilmen of a Third Class City to vote on pensions which directly affected themselves. Since this was a radical departure from the salutary public policy of this Commonwealth, the enabling legislative Act would have to be strictly complied with, and where public officials with a possible dual interest are concerned, strictly construed: *Com. ex rel. McCreary v. Major,* 343 Pa. 355, supra.

The City Ordinance (1) went as we have seen, far beyond anything authorized by and in some respects

conflicted with the Act of Assembly, and (2) was fundamentally contrary (a) to the public policy of Pennsylvania, and (b) to the purpose of a retirement or pension system;[*] and (3) in important pension provisions directly benefited four of the five Councilmen in a manner and to a degree unauthorized by the Act of Assembly. To this extent, the Ordinance was obviously null and void.

The City of New Castle and the employee contributors to the fund who were not members of City Council point out that in spite of these illegal provisions— which comprise almost the whole heart of the Ordinance—the Ordinance has several valid provisions and these should be sustained, especially as the Ordinance contained a severability clause. Unfortunately, this Ordinance in many of its important provisions is such a fundamental and radical departure from the provisions and the privileges authorized by the Act of Assembly, and the valid and the invalid are so inseparably interwoven that the Ordinance must be held void in its entirety: *Murray v. Phila.*, 364 Pa. 157, 71 A. 2d 280; *Willcox v. Penn Mutual Life Ins. Co.*, 357 Pa. 581, 55 A. 2d 521; *Kelley v. Kalodner*, 320 Pa. 180, 181 A. 598; *Rothermel v. Meyerle*, 136 Pa. 250, 20 A. 583; *Grisbord v. Phila.*, 148 Pa. Superior Ct. 91, 24 A. 2d 646. Justice Linn in *Murray v. Phila.*, 364 Pa., supra, said (p. 176) : "The principle to be applied by this court in dealing with severability provisions was stated in Kelley v. Kalodner, 320 Pa. 180, 191, 181 A. 598 (1935) as follows: 'Even though the operation of the act might possibly be valid in some instances, the good and the bad are so inseparably interwoven that we are obliged to reject the levy in its entirety.' "

---

[*] Cf. *Altieri v. Allentown Retirement Board*, 368 Pa. 176, 81 A. 2d 884.

554

In *Rothermel v. Meyerle,* 136 Pa. 250, supra, this Court said (p. 265) : "If the part which is unconstitutional in its operation, is independent of, and readily separable from that which is constitutional, so that the latter may stand by itself, as the reasonable and proper expression of the legislative will, it may be sustained as such; but, *if the part which is void is. vital to the whole,*\* or the other provisions are so dependent upon it, and so connected with it, that it may be presumed the legislature would not have passed one without the other, the whole statute is void: Gibbons v. Ogden, 9 Wheat. 203; City of New York v. Miln, 11 Pet. 102; Packet Co. v. Keokuk, 95 U.S. 80; Tiernan v. Rinker, 102 U.S. 123; Presser v. Illinois, 116 U.S. 252; Lea v. Bumm, 83 Pa. 237; In re Ruan St., 132 Pa. 257; Sedg., St. & Const. Law, 413."

For these reasons we are unanimously of the opinion that the learned court below correctly held that the ordinance was null and void.

Decree affirmed at cost of the City of New Castle.

---

\* Emphasis supplied.