## Forst et ux. v. Heyman et al., Supervisors

*Cassin W. Craig*, for plaintiffs.
*Elmer L. Menges*, for defendants.

FORREST, J., August 23, 1954.—Plaintiffs filed their complaint in equity to have two ordinances of the

Township of Hatfield declared invalid and of no effect and to restrain the supervisors from collecting taxes imposed thereunder. An answer to the complaint was filed, together with a stipulation of counsel.

## Questions Involved

1. May the validity of an ordinance of a second class township be determined by an action in equity, instead of by complaint in the quarter sessions court under the Second Class Township Code?

2. Are ordinances no. 8 and no. 9 of the Supervisors of Hatfield Township invalid because of ambiguity?

3. Does a tax on "causing or permitting land to be occupied by trailers" exceed the authority granted under the enabling Act of June 25, 1947, P. L. 1145, as amended, 53 PS §2015.1, which authorizes a tax on the "use or occupancy of house trailers"?

4. Is an ordinance under the enabling act unenforcible where it fails to state that it is enacted under the authority of the act?

5. Do the taxes imposed by ordinance no. 9 exceed the limit of $2 per month fixed by the enabling act?

## Findings of Fact

1. On June 1, 1953, the Board of Supervisors of Hatfield Township, a township of the second class, adopted their ordinance no. 8, effective by its terms 30 days after adoption, imposing on "all persons owning, leasing or occupying land within the township . . . who cause or permit such land to be occupied by an inhabited trailer or vehicle for a period or periods aggregating fourteen days in any twelve consecutive months" a tax of $10 for each such trailer other than a trailer inhabited by the owner of the land.

Section 4 of the ordinance provides that the tax shall be paid by the "persons owning, leasing or occupying land within the township and who cause or

permit such land to be occupied by an inhabited trailer or vehicle as hereinabove provided."

Section 8 fixes a penalty for noncompliance with the ordinance and section 9 states that the provisions of the ordinance are severable and that the illegality, invalidity or unconstitutionality of any part or provision shall not impair the remaining parts or provisions.

2. On December 7, 1953, the board of supervisors adopted its ordinance no. 9, to "become effective in accordance with the Acts of Assembly in such case made and provided." This ordinance was generally similar to the Ordinance of June 1, 1953, except that the tax was set at the rate of "Two Dollars for each month or part thereof for each inhabited trailer or vehicle."

3. Neither ordinance no. 8 nor ordinance no. 9 states that it is enacted under the authority of the enabling Act of June 25, 1947, and its amendments, although the enabling act provides that the ordinance shall state that it is enacted thereunder.

4. Plaintiffs, Walter B. Forst and Esther L. Forst, his wife, own a 23-acre tract which fronts on North Cowpath Road, Hatfield Township, Montgomery County, Pa.

5. Since 1947 plaintiffs have caused or permitted their 23-acre tract to be occupied as a "trailer park" by inhabited trailers or vehicles. This practice has continued for such periods that a tax would be payable under ordinance no 8. and ordinance no. 9, if such ordinances were valid and enforcible. At present, plaintiffs have 30 trailers on the premises, 29 of which are owned and occupied by other persons.

6. Plaintiffs collected no taxes from the trailer owners or occupants in 1953, but in 1954 they have made collections at the rate of $2 per month for each occupied trailer. They have agreed to return the

collections to the payors if the ordinances are adjudged invalid.

### Discussion

At the outset, note is taken of the fact that plaintiffs are testing the validity of an ordinance of a township of the second class by action in equity. We recognize that the Act of May 1, 1933, P. L. 103, sec. 702, as last amended by the Act of July 2, 1953, P. L. 354, secs. 6-10, 53 PS §19093-702 (XLI), relating to second class townships, provides, inter alia, that:

"Any person aggrieved may, within thirty days after any ordinance or resolution takes effect, make complaint as to the legality of such ordinance or resolution to the court of quarter sessions upon entering into recognizance with sufficient surety to prosecute the same with effect, and for the payment of costs. The determination and order of the court thereon shall be conclusive."

In a case where a similar ordinance applicable to first class townships was considered by us, we said:

"In our opinion the legislature never intended that questions involving the constitutionality of an ordinance, the statutory authority to enact it or other important substantive matters should be determined by the court of quarter sessions without appeal in what the Supreme Court characterized in Wright v. France, supra, as 'the somewhat summary proceeding provided in this section' . . .

"The township contends that (such an act) should be given a narrow meaning which would limit the scope of a review to procedural defects or irregularities . . . we have come to the conclusion that the view of the township is the more logical . . . we believe the drastic limitation period of thirty days is suitable only for a proceeding of narrow scope, that the provision that the determination of the court of quarter sessions shall be conclusive shows the intention of the legis-

lature to limit the scope of the complaint to procedural irregularities": Wynnewood Civic Assn. v. Lower Merion Township, 70 Montg. 260, 265-266, (1954).

Such being the law, plaintiffs properly proceeded by filing their complaint in equity, since it has long been settled in this Commonwealth that a plaintiff may go into equity to restrain attempted taxation for want of power to tax: Dougherty v. Philadelphia, 314 Pa. 298 (1934); English v. Robinson Township School District, 358 Pa. 45 (1947).

The statutory authorization for the ordinances nos. 8 and 9 is the Act of June 25, 1947, P. L. 1145, sec. 1, as amended, 53 PS §2015.1(A). This act provides, inter alia, that:

"Subject to the limitations prescribed in this act, the duly constituted authorities of townships of the second class may, in their discretion, by ordinance or resolution, for general revenue purposes, levy, assess and collect, or provide for the levying, assessment and collection of, any one or more of the following taxes, within the limits of such townships: . . .

"(4) A tax on the use or occupancy of house trailers suitable for living quarters."

By amendment of this section 1(A) of the act it was provided in the Act of May 27, 1953, P. L. 234, inter alia, that:

". . . Each ordinance and resolution shall state that it is enacted under the authority of the Act. of June twenty-fifth, one thousand nine hundred forty-seven (Pamphlet Laws 1145) and its amendments."

Section 1(E)(g) of the act as presently amended, limits the rate of taxation on such use or occupancy to $2 per month, and "No such tax shall be levied for the first thirty days in the trailer camp or parking lot."

By the Act of May 27, 1953, P. L. 234, sec. 1, section 1(A) was amended, whereby it was provided that the

tax shall be imposed "for one year only." By a further amendment of this section 1(A), approved August 21, 1953, P. L. 1242, sec. 1, it was provided that:

"Any ordinance or resolution now in effect which imposed any such tax for a period of more than one year shall remain in effect, and the taxes imposed by such ordinance or resolution shall be collected for the current tax year only."

The Ordinance No. 8 of June 1, 1953, was unlimited in its term and quite probably was adopted without an awareness of the statutory amendment of May 27, 1953, requiring that the tax be imposed for one year only. This defect of the ordinance, however, was obviated by the statutory amendment of August 21, 1953, and the tax is collectible under the ordinances "for the current tax year only" (1953). Ordinance No. 9 of December 7, 1953, which, according to section 10 thereof "shall become effective in accordance with the Acts of Assembly in such case made and provided," presumably is intended to be effective "for one year only."

Plaintiffs attack the ordinances on the ground that they are ambiguous and with this contention we concur. The tax imposed by both ordinances is upon "all persons owning, leasing or occupying land . . . who cause or permit such land to be occupied by an inhabited trailer or vehicle . . ." This ordinance may be construed in at least six ways: (1) as a tax upon the land owner, or (2) as a tax upon a tenant of the entire tract, or (3) as a tax upon the owner of the trailer, or (4) as a tax upon both the land owner and the tenant, or (5) as a tax upon both the land owner and the owner of the trailer, or (6) as a tax upon both the tenant of the entire tract and the owner of the trailer. Any one of these six constructions is as plausible as any other. The language of the ordinance is "so vague, indefinite,

uncertain and contradictory that it is impossible to determine what [township supervisors] really intended": Murray et ux. v. Philadelphia et al., 364 Pa. 157, 178 (1950). In such case it will be declared inoperative: Miller v. Belmont Packing & Rubber Co., 268 Pa. 51, 63 (1920), cited in Murray v. Philadelphia, supra, at p. 176.

Next it should be pointed out that the tax authorized by the enabling act is on "use or occupancy of house trailers . . ." The tax imposed by the ordinances is on "causing or permitting land to be occupied by" trailers. The act according to its express terms will sustain an ordinance taxing the user or occupant of trailers, but not a tax upon the owner or lessee of the land who permits such use or occupation. It is unnecessary to decide whether for this reason alone, the ordinances are illegal and void; however, the variance between the authorization of the enabling act and the terms of the ordinance is of such extent as to render the ordinances of doubtful validity.

Plaintiffs complain that the Ordinance of December 7, 1953 is defective because it fails to refer to the enabling act. This act, as amended by the Act of May 27, 1953, P. L. 234, 53 PS §2015.1(A), provides that:

"Each ordinance and resolution shall state that it is enacted under the authority of the Act of June 25, 1947, and its amendments."

We need not consider this contention. See, however, Genkinger v. New Castle, 368 Pa. 547 (1951), wherein the court stated at page 549:

"Municipalities are not sovereigns; they have no original or fundamental power of legislation; they have the right and power to enact only those ordinances which are authorized by an act of the legislature: Kline v. Harrisburg, 362 Pa. 438, 68 A. 2d 182; Murray v. Phila., 364 Pa. 157, 71 A. 2d 280.

"Moreover, an ordinance must be in conformity with the provisions of the enabling statutes; if it conflicts therewith it is void: [citing cases]."

The next question for consideration is whether the tax imposed by Ordinance No. 9 of December 7, 1953, exceeds the limit fixed by the enabling act. As we have seen, the act, as presently amended, limits the tax to "$2.00 per month". The ordinance sets the tax at the rate of "Two Dollars for each month or part thereof." This provision of the ordinance is certainly beyond the statutory authority, although it is not necessary to decide whether the whole ordinance would thereby be rendered invalid: Fischer's Pool Swimming Club et al. v. Towamencin Township et al., 87 D. & C. 157.

For reasons stated above, it is also unnecessary to consider whether the tax imposed by ordinance no. 9 is invalid in part or in toto because of overlapping.

In conclusion, we deem it appropriate to echo the words of Mr. Justice Linn, speaking for the Supreme Court, in Murray et ux. v. Philadelphia et al., 364 Pa. 157, 178 (1950):

"We must sustain the contentions made on behalf of the plaintiffs . . . as stated in this opinion but we shall not at this time issue injunctions against the defendants; we shall assume that defendants will comply. If any question on that subject arises, application may be made."

### Conclusions of Law

1. Ordinances No. 8 of June 1, 1953, and No. 9 of December 7, 1953, of the Board of Supervisors of Hatfield Township are illegal and unenforcible.

### Decree Nisi

And now, August 23, 1954, it is ordered, adjudged and decreed as follows: Ordinances No. 8 of June 1, 1953, and No. 9 of December 7, 1953, of the Board of Supervisors of Hatfield Township are hereby adjudged illegal and unenforcible.