GRIFO, J.,
— This matter is before the court on the petition of defendant, William Boulous, for the allowance of a writ of certiorari. Pursuant to our writ, the justice of the peace has returned copies of the criminal complaints, the warrants and a transcript. We have heard arguments by counsel, and the matter is now ready for disposition.
It is settled law in the Commonwealth of Pennsylvania that inquiries upon certiorari to common pleas is limited to the regularities of proceedings and the jurisdiction of the magistrate: 7 P.L.E., Certiorari, §1, et seq.
The record indicates that defendant, William Boulous, was charged by the Township of Lower Saucon with violation of a Lower Saucon Township Ordinance forbidding the hauling of rubbish and other waste in the township without suitable cover. The matter was heard by Joseph E. Martin, Justice of the Peace for Magisterial District 2-4. This magisterial district is made up of Lower Saucon Township and the Borough of Hellertown. Defendant was found guilty of the summary offense and was directed to *404 pay a fine and costs. The matter came before the court of common pleas by way of certiorari to the justice of the peace questioning the jurisdiction of the said justice of the peace to handle a matter under the township ordinance.
On November 16, 1970, the court being under the impression that the summary proceeding had been held before a justice of the peace of the City of Bethlehem, filed an opinion and order of court holding that the said justice of the peace was without jurisdiction, and allowed the appeal: Commonwealth v. Boulous, 50 D. & C. 2d 689. On November 23, 1970, Lower Saucon Township filed exceptions to said order of court assigning as reasons that Joseph E. Martin was a justice of the peace of the magisterial district which included Lower Saucon Township and the Borough of Hellertown. The court thereupon ordered a rehearing, and the matter now is before the court following hearing on exceptions of Lower Saucon Township. The exceptions of the township are well taken.
The record as brought up on certiorari reveals that Joseph E. Martin is a Justice of the Peace for Magisterial District 2-4 which, in fact, does comprise Lower Saucon Township and Hellertown. It further reveals that the alleged offense took place within the boundary of Lower Saucon Township.
Lower Saucon Township Ordinance No. 19 forbids the transporting of garbage and rubbish over township roads unless such garbage and rubbish is suitably covered. The ordinance provides in section 2 thereof for the prosecution of violators “in a summary proceedings before any justice of the peace in and for the Township.” The courts interpreted provisions of this nature to mean that a justice of the peace of another borough, city or township within the same county has no jurisdiction to enforce a penalty for violation of a township ordinance even where the language of the *405 ordinance provides broadly for the prosecution before any justice of the peace of the county: Borough of Yardley v. Garlits, 18 D. & C. 2d 122 (1959); Borough of Throop v. Matyassi, 82 D. & C. 449; Genkinger v. New Castle, 368 Pa. 547, 549, 84 A. 2d 303.
The problem in the instant case arises out of the adoption, by amendment on April 23, 1968, of article V, sec. 7, of the Constitution of the Commonwealth of Pennsylvania. Article V, sec. 7, providing for justices of the peace and magisterial districts is as follows:
“(a) In any judicial district . . . there shall be one justice of the peace in each magisterial district. The jurisdiction of the justice of the peace shall be as provided by law.
“(b) The General Assembly shall by law establish classes of magisterial districts solely on the basis of population and population density and shall fix the salaries to be paid justices of the peace in each class. The number and boundaries of magisterial districts of each class within each judicial district shall be established by the Supreme Court or by the courts of common pleas under the direction of the Supreme Court as required for the efficient administration of justice within each magisterial district.”
Pursuant to this mandate, the General Assembly enacted, inter alia, the Magisterial Districts Act of December 2, 1968, (No. 352) 42 §1301, by which the court was directed to establish new magisterial districts based on population density. These districts were defined and came into existence formally on January 1,1970.
The new magisterial districts replace political subdivisions as jurisdictional units for justices of the peace, and in most cases include several political subdivisions within their boundaries. The statute specifically provides, with certain exceptions not relevant here, that “the court in establishing thé number *406 and boundaries of magisterial districts shall not subdivide political subdivisions.” One of the new districts established was district 2-4, including all of Lower Saucon Township and the Borough of Hellertown. Joseph E. Martin, who had been justice of the peace for Lower Saucon Township from 1939 to 1969, was elected magistrate of the new district.
Defendant argues that to allow a justice of the peace who has jurisdiction not only in the Borough of Lower Saucon but also in Hellertown to enforce this ordinance, would amount to conferring powers on district magistrates not specifically created by the Constitution, and would confer jurisdiction by borough mandate upon other magistrates outside the jurisdiction of the township in violation of the Constitution. This argument does not apply here. District 2-4 was properly designated as a district in accordance with the Constitution and the acts of assembly. Joseph E. Martin was duly elected as a justice of the peace whose jurisdiction includes all of the district. The ordinance specifically provides “that any justice of the peace in and for the township has jurisdiction.” Clearly, the supervisors of Lower Saucon Township are conferring jurisdiction to a justice of the peace whose constitutional jurisdiction covers the township.
Accordingly, the court makes the following
ORDER
And now, to wit, April 26, 1971, order of court entered November 16, 1970, by this court, is vacated. Defendant’s application for certiorari is dismissed, and the action of Joseph E. Martin, Justice of the Peace for Magisterial District 2-4 is hereby affirmed.