## Commonwealth v. DeCinti

*Frank G. Harrison* and *David W. Saba*, for plaintiffs.

*Edward J. Geist*, for defendant.

OLSZEWSKI, *J.*, March 27, 1978—This action in quo warranto comes before the court to test the validity of the appointment of Sally Jervis to the Council of the Borough of Laflin to occupy the unexpired term of Mario Malvizzi, who allegedly either resigned from or ceased to act officially for the Laflin Borough Council.

The facts of the case have been resolved by the stipulations of counsel, so that no issue of fact remains and no testimony of witnesses was taken per the request of the attorneys involved.

The Council of the Borough of Laflin until January 1, 1978, was made up of six members; after that date, the council was by operation of law enlarged by one seat to consist of seven members. The six-man council consisted of the following members: Peter Lucchino, Vincent Traglia, and Steven Ulichney, all of whose terms expired January 1, 1978; and Patrick Capitano, Mario Malvizzi, and Marilyn Saidman, all of whose terms expire January 1, 1980. Mr. Traglia at all times relevant hereto was ill and unable to attend to any of his duties as a council member. In effect, then, the council consisted of five members who were able to act on council business.

On Monday, December 12, 1977, Mr. Malvizzi handed to Borough Secretary Maria Burns a handwritten note which read:

"12-13-77

"To: Laflin Borough Council

"Because of changes in job assignments, and increasing business pressures, I am unable to fully discharge my duties as member of Laflin Borough Council.

"I am therefore submitting my resignation to be effective immediately.

Sincerely,
/s/ Mario Malvizzi"

The following Wednesday, December 14, 1977, was the date of the regularly scheduled monthly meeting of the Laflin Borough Council. Considerable and important business was listed on the agenda for that meeting. The meeting was convened as scheduled, but only Messrs. Capitano, Lucchino and Ulichney attended. Of the three remaining members, Mr. Malvizzi and Ms. Saidman failed to attend; Mr. Traglia, as noted above, was excused because of illness. When Mr. Malvizzi was telephoned that evening and asked if he planned to attend the meeting, he replied: "No. Definitely not. As far as I'm concerned, my resignation was effective on the 13th."

The three members present agreed to postpone the meeting until December 16, 1977. At that time, once again only the same three councilmen were present. Accordingly, the meeting was again postponed until December 23, 1977, when for the same reasons it was again postponed until December 29, 1977.

In total then, Mr. Malvizzi and Ms. Saidman had failed to attend three meetings of the Laflin Borough Council on December 14, December 16, and December 23, 1977. Each of those meetings

was subject to local newspaper coverage. Notice of the fourth meeting, scheduled for December 29, 1977, was sent by certified mail to Mr. Malvizzi and Ms. Saidman, which was received by them on December 28, 1977, as evidenced by their executed receipts. The notice not only indicated the time, place and date of the meeting, but also stated that the purpose of the meeting was to conduct the business of the borough, including a final reading of the budget, action on Mr. Malvizzi's resignation, and payment of borough bills. No issue concerning the propriety of the notice of these meetings has been raised by counsel.

The meeting of December 29, 1977, convened with the same three council members present: Messrs. Capitano, Lucchino, and Ulichney. Once again, Mr. Malvizzi and Ms. Saidman failed to attend, and Mr. Traglia was excused for illness. The meeting was called to order by Council President Capitano, who noted the previous attempts to hold the meetings on December 14, 16, and 23, 1977. Thereafter, an advisory letter dated December 15, 1977, from the Pennsylvania State Association of Boroughs was read into the minutes. This letter advised Laflin Borough Council of three significant factors: (1) that the resignation of a council member does not require any council action, but creates a vacancy on council; (2) that the number of council members was thereby reduced to five, only three of whom constituted a quorum; and (3) that the quorum of three could fill the vacancy created by the resignation and proceed to conduct borough business.

Subsequently, the Laflin Borough Council, according to the minutes of the meeting and following the advice of its solicitor to accept December 13 as

an official relinquishment of office by Mr. Malvizzi, unanimously passed a motion which acknowledged December 13, 1977, as the date of resignation of Mr. Malvizzi and accepted the resignation of Mr. Malvizzi as of that date. Thereafter, the council unanimously passed a motion filling the above resulting vacancy by appointing Ms. Sally Jervis to the seat vacated by Mr. Malvizzi. The council, thus consisting of four present members, proceeded to complete borough business, including the adoption of the general fund and revenue-sharing budgets.

Five days later, on January 3, 1978, the Laflin Borough Council—consisting of seven members through the above-noted enlargement of council—conducted a regular reorganization meeting. Four new members had been elected to council: Messrs. Joseph Phillips, Ray Pendolphi, D. M. Mattioli, and William Norwillo. Two members' terms had not expired and they continued in office: Mr. Patrick Capitano and Ms. Marilyn Saidman. The seventh member, Ms. Sally Jervis, attended the meeting as the previously appointed successor to the seat vacated by Mr. Malvizzi.

At this regular reorganization meeting, the council elected Ms. Saidman its new chairman. The motion to that effect had been made by Ms. Jervis and passed by a 6-0 vote with Ms. Saidman not voting. That was the last piece of council business Ms. Jervis was permitted to perform. In the immediately following roll call, the newly elected chairman omitted Ms. Jervis's name, in effect officially recognizing only six members of council. Those six members then proceeded in a 5-0 vote to accept the resignation of Mr. Malvizzi and to appoint Mr. Patrick J. DeCinti to fill the unexpired portion of the

term of Mr. Malvizzi. Ms. Jervis was not permitted to vote, Mr. Capitano abstained, and the remaining five members passed the motion unanimously.

In short, then, we have two contenders for the council seat vacated by Mr. Malvizzi: Ms. Sally Jervis and Mr. Patrick DeCinti. Ms. Jervis, petitioner in this quo warranto action, claims that her appointment on December 29, 1977, to fill the vacancy on Laflin Borough Council was proper, effective, and legal; and that accordingly she is lawfully entitled to that seat. Mr. DeCinti claims that no vacancy occurred on the Laflin Borough Council until January 3, 1978, when he was properly appointed to same; and that accordingly he is lawfully entitled to that seat.

Such, in any event, is the factual situation underlying this dispute which we are now called upon to resolve. In approaching this dispute, this court is not unmindful of the political conflicts and emotional feelings surrounding the issue. These conflicts and feelings, however, are neither an effective guide nor an enlightening tool to be employed in achieving a solution. Rather, we must and readily do adhere to established legal principles in reaching our decision.

The relevant sections of The Borough Code of February 1, 1966, P.L. (1965) 1656, sec. 101, 53 P.S. §45101 et seq., are:

"§45901. Filling vacancies in elective borough offices

"If any vacancy shall occur in the office of the . . . member of council, . . . by death, resignation, removal from the borough, . . . the borough council shall fill such vacancy by appointing, by resolution,

a registered elector of the borough, . . . to hold such office . . .

"§45904. Right of council to declare seat of councilman vacant for failure to attend meetings, etc.

"If any person, having qualified as a member of council, shall . . . neglect or refuse to vote or by his withdrawal from council or otherwise refuse to act in his official capacity as a member of council, the borough council, acting without such person, may declare his office as a member of council vacant, and may fill such vacancy as provided in section 901 of this act. For such actions a majority of the remaining members of the council shall constitute a quorum.

"§46001. Organization of council; quorum; compensation; eligibility

". . . A majority of the membership of council then in office shall constitute a quorum. . . ."

This court must conclude that Mr. Malvizzi effectively resigned from the Laflin Borough Council on December 13, 1977, and that Ms. Jervis's appointment to the remaining term of that seat was both proper and lawful.

Our reasoning here stems directly from our conclusion that Mr. Malvizzi's resignation was self-effectuating as of its own effective date. In reaching this conclusion, we are not unmindful of the following language in Com. v. Krapf, 249 Pa. 81, 84, 85, 94 Atl. 553 (1915): "We are not disposed, however, to rest the decision upon this view of the case. The resignation was not effective until it was accepted." The Supreme Court, however, further noted at p. 85 that, ". . . (t)he act clearly contemplates in the use of the word 'resignation' that it

shall have been accepted, or that an acceptance was not necessary . . ." This language clearly blunts the later Supreme Court dicta in Com. ex rel. Gast v. Kelly, 255 Pa. 475, 484, 100 Atl. 272 (1917): " . . . 'A vacancy created by removal from the borough is totally unlike that arising from resignation; the first arises instantly from the act of removal, the latter only by acceptance by council. [Cit. ommitted.]' . . . "

We do not think the above-noted language—ostensibly mandating acceptances of resignations—is binding on the instant case. First of all, those appellate cases quoted above dealt with a prior borough code. Secondly, we have been able to locate no language in the current borough code to indicate that resignations must be accepted. Thirdly, section 901 of the current borough code provides simply that "[i]f any vacancy shall occur in the office . . . of council, . . . by . . . resignation . . ., the borough council shall fill such vacancy by appointing, by resolution, a registered elector of the borough, . . . to hold such office . . ." Clearly no mention of the necessity to accept such resignation appears in section 901. Finally, we endorse the public policy reasons and judicial interpretation of The Borough Code outlined in Com. ex rel. Berger et al. v. Davis, 119 Pitts. L. J. 127, 130 (1971). To rule otherwise would permit a situation: (1) where two council members who deliberately missed council meetings and refused to act on borough business could totally stalemate the borough council; and (2) where two such council members could thwart any judicial action to remedy the situation under section 901. Consequently, we must conclude that there was no need to accept Mr. Malvizzi's resigna-

tion under the present circumstances, and that Mr. Malvizzi's resignation was effective on December 13, 1977.

Notably this exact conclusion can be reached by an alternative and equally persuasive route. Assuming that Mr. Malvizzi's resignation had to be accepted by Laflin Borough Council, that acceptance occurred in the meeting of December 29, 1977. Our reasoning here is relatively uncomplicated. To begin with, a quorum is defined in article X, sec. 1, of The Borough Code, 53 P.S. §46001, as "a majority of the membership of council then in office." Secondly, Mr. Malvizzi is precluded by appellate court cases from acting on his own resignation: Com. v. Raudenbush, 249 Pa. 86, 88, 94 Atl. 555 (1915). Thirdly, as noted by Judge Silvestri in Com. ex rel. Berger et al. v. Davis, supra, at pp. 130-131: ". . . [I]t seems ridiculous to count for the purposes of determining a quorum an individual who has no right to participate in council or borough affairs. . . . " Accordingly, the number of councilmen who could have acted on Mr. Malvizzi's resignation was five, of which three was a properly constituted quorum. Therefore, we can conclude that Mr. Malvizzi's resignation was properly and lawfully accepted on December 29, 1977, by the three remaining members of the Laflin Borough Council.

Lastly we should note the existence of a third alternative theory, which leads us to the same conclusion that a vacancy existed on the Laflin Borough Council which was properly and lawfully filled by the Laflin Borough Council on December 29, 1977. This theory concerns the right of the council under section 904 of The Borough Code, 53 P.S. §45904, to declare the seat of a councilman

vacant. Under section 904, "If any person, having qualified as a member of council, . . . shall neglect or refuse to vote or by his withdrawal from council or otherwise refuse to act in his official capacity as a member of council, the borough council, acting without such person, may declare his office as a member of council vacant, and may fill such vacancy as provided in section 901 of this act. For such actions a majority of the remaining members of the council shall constitute a quorum."

We think that the circumstances of this case justify the inescapable conclusion that Mr. Malvizzi's conduct constituted a refusal to act in his official capacity as a member of council. Indeed, we think that no other interpretation can be drawn from his written resignation, from his oral statement, and from his refusal to attend four successive council meetings, despite notice of the nature and importance of the meetings. Moreover, by the express provisions of section 904, a majority of the remaining members shall constitute a quorum in declaring a seat vacant. This means that five council members remained of which three constituted a quorum. Accordingly, the three council members present at the meeting on December 29, 1977, constituted a properly convened quorum for the purposes of declaring Mr. Malvizzi's seat vacant and appointing Ms. Jervis his successor.

By way of summary, then, any of the three alternative theories utilized above leads us to the conclusion that the council seat occupied by Mr. Malvizzi was vacant and that the borough council properly acted to fill that vacancy. Those theories are: (1) that Mr. Malvizzi resigned effectively on December 13, 1977, in the event his resignation did not have to be accepted by Laflin Borough Council;

(2) that Mr. Malvizzi resigned effectively on December 29, 1977, in the event his resignation had to be accepted by Laflin Borough Council; or (3) that Mr. Malvizzi's seat on Laflin Borough Council was properly declared vacant because of his refusal to act in his official capacity.

Since we have concluded that a vacancy existed on Laflin Borough Council, only one question remains: was the appointment of Ms. Jervis to the unexpired term of Mr. Malvizzi lawful and proper? We think it was. Section 901 of The Borough Code authorizes the borough council to fill vacancies: "If any vacancy shall occur in the office of the . . . member of council . . . the borough council shall fill such vacancy by appointing, by resolution, a registered elector of the borough. . . ." Under the third alternative theory (i.e., removal for refusal to act in his official capacity), the three remaining members clearly constituted a quorum empowered to fill the vacancy according to the express mandate of section 904. Under the first and second alternative theories, Mr. Malvizzi's resignation created a vacancy, thus reducing the number of councilmen then in office to five. As noted above, under article X, sec. 1, of The Borough Code, 53 P.S. §46001, a quorum is defined as a majority of those then in office. In short, then, the quorum of five members (those then in office) is three, the exact number of council members who appointed Ms. Jervis. Thus, Ms. Jervis's appointment was properly and lawfully made under the resignation alternative as well. See, Com. ex rel. Park v. Kaiserman et al., 330 Pa. 196, 199, 196 Atl. 143 (1938).

Accordingly, we must conclude that Mr. Malvizzi's conduct created a vacancy on the Laflin Borough Council; that Ms. Jervis was lawfully and

properly appointed to serve the balance of Mr. Malvizzi's term; and that Ms. Jervis and not Mr. DeCinti is lawfully entitled to the contested seat on the Laflin Borough Council for the balance of the term of former councilman Malvizzi.

In reaching these conclusions, we want to reiterate that our decision is not based upon any consideration of the relative merits or personal or political qualifications of either Ms. Jervis or Mr. DeCinti. On the contrary, our decision is based solely on the applicable legal principles involved in this case.

## ORDER

It is ordered, adjudged, and decreed that Sally Jervis is the duly constituted councilwoman in the Borough of Laflin for the unexpired term of councilman Mario Malvizzi, and that she is hereby authorized to assume immediately the duties of said office.

It is further ordered, adjudged, and decreed that Patrick J. DeCinti has not been qualified as and is not the duly constituted councilman in the Borough of Laflin for the unexpired term of councilman Mario Malvizzi.