306

Township of Ross *v.* Harry E. McDonald, Ralph Anderson and Park W. Brandt.

Ethel Anderson, Widow of Ralph Anderson, Appellant.

Argued November 19, 1980, before Judges BLATT, CRAIG and MACPHAIL. Reargued May 5, 1981, before President Judge CRUMLISH and Judges MENCER, BLATT, WILLIAMS, JR., CRAIG, MACPHAIL and PALLADINO. Judge ROGERS did not participate.

*Michael A. Donadee,* for appellant, Ethel Anderson, widow of Ralph Anderson.

*Fred E. Baxter, Jr.,* for appellant, Harry E. McDonald.

*Richard D. Klaber, Dickie, McCamey & Chilcote,* for appellant, Paul W. Brandt.

*John M. Means, Markel, Schafer & Means,* for appellee.

OPINION BY JUDGE MACPHAIL, July 1, 1981:

This is an appeal from an order of the Court of Common Pleas of Allegheny County entered in a declaratory judgment action brought by the Township of Ross (Township) against Harry E. McDonald, Ralph Anderson (Appellant) and Paul W. Brandt.[1]

The Township Board of Commissioners (Board) established a pension plan for employees of the Township on November 11, 1957. The plan specifically excluded elected officials. On August 7, 1961, the Board amended the plan to provide for participation by elected officials.[2]

---

[1] Harry E. McDonald has not filed an appeal from the lower court order. Ralph Anderson died on October 5, 1978 and his widow, Ethel M. Anderson, is representing his interest herein. Paul W. Brandt served as Solicitor to the Township and his case has been decided separately. *Township of Ross v. Harry E. McDonald, Ralph Anderson and Paul W. Brandt,* 60 Pa. Commonwealth Ct. 290, A.2d (No. 2565 C.D. 1979, filed July 1, 1981).

[2] By virtue of an amendment to the plan effective January 1, 1971, Township Commissioners were no longer eligible to participate in the pension plan.

Appellant served as a duly elected Township Commissioner from January 1952 to June 1970. He has qualified for benefits under the Township pension plan which was fully funded by Township revenues.

As the result of a suit in equity that alleged the benefits paid to Appellant and others were illegal and that was dismissed for failure to make proper service upon the named defendants, the Township suspended payment of benefits to the three retirees in question and sought a ruling as to the propriety of the payment of benefits to them. The precise issue addressed by the lower court was whether the Board had the power to enact a pension plan for themselves.

In his opinion, the trial judge examined Sections 605 and 1502 of The First Class Township Code (Code)[3] relied upon by Appellant as statutory au-

---

[3] Act of June 24, 1931, P.L. 1206, *as amended*, 53 P.S. §§55605 and 56523.

Section 605 provides as follows:

A township may, by ordinance, provide as compensation to employes of not less than ten years of satisfactory service who are not less than sixty years of age a proportion of the compensation last paid to them but not in excess of fifty per centum thereof, as fixed in said ordinance or amendment thereto. Nothing herein shall preclude any employe of the township from joining any pension system or municipal retirement system that the township may establish or adopt. The intent and purpose of this section is to permit townships, without levying any special tax or exceeding the existing tax limitation for general revenue purposes, to pay to their employes who are too old to advantageously join any pensioning or retirement system a reasonable annuity in lieu of joining a pension or retirement system, and who are not and cannot now be socially protected by any Federal social security system.

Section 1502 provides that townships of the first class have the power:

To make contracts with any fire insurance company, association or exchange, including mutual companies duly

thorization for the Township to provide pensions for Township commissioners. The trial judge concluded that both of those Sections of the Code were restricted to "employees" of the Township and that Township commissioners, being elected officials, were not employees entitled to benefit from Township pension plans. For that reason, the trial judge held the Township resolution sub judice to be void ab initio.

In his opinion, the trial judge also addressed the issue of whether the amendment to the plan was void because it was adopted by commissioners who would benefit therefrom under the general principles of law that a public official may not use his official power to further his own interests. *Genkinger v. New Castle*, 368 Pa. 547, 84 A.2d 303 (1951). It has also been held by our Supreme Court that a member of a governing municipal body may not vote on any question involving his pecuniary interest if that be immediate, particular and distinct from the public interest. *Commonwealth v. Raudenbush*, 249 Pa. 86, 94 A. 555 (1915). Since we are of the opinion that the amendment to

authorized by law to transact insurance business in the Commonwealth, insuring any building or property of the township; to make contracts with any insurance company insuring any public liability of the township; to appropriate such amount as may be necessary to secure insurance or compensation for volunteer firemen of companies duly recognized by the township by motion or resolution, killed or injured while going to or returning or attending fires; to make contracts of insurance with any insurance company, association or exchange authorized to transact business in this Commonwealth insuring township employes or any class or classes thereof under a policy or policies of insurance covering workmen's compensation, life, health or accident insurance, and to contract with any such company granting annuities or pensions for the pensioning of such employes, and to agree to pay part or all of the premiums or charges for carrying such contracts and to appropriate moneys from the township treasury for such purposes.

the Township pension plan is invalid because it was adopted in violation of these well founded and long standing principles of law, we will not resolve the question of whether township commissioners are employees of the Township within the meaning of Sec- tions 605 and 1502 of the Code.

At the time the Township amended its pension plan, Section 603 of the Code, 53 P.S. §55603 read as follows:[4]

> No township shall increase or diminish the salary, compensation, or emoluments of any elected officer after his election. Appointed officers and employes of the township shall re- ceive such compensation for their services as the township commissioners shall prescribe.

That statutory language is almost identical with that found in Article 3, Section 13 of the Pennsylvania Constitution of 1874, now Section 27 of Article III of our present Constitution which similarly limits en- actments of the General Assembly.[5]

Our Supreme Court has characterized retirement benefits as deferred compensation and, in effect, part

---

[4] Section 603 now provides as follows:

Elected officers of townships shall receive such salary, compensation or emoluments of office as may from time to time be fixed by ordinance of the township in accord- ance with provisions of Section 703. Any change in salary, compensation or emoluments of office shall become effec- tive at the beginning of the next term of the elected officer. Appointed officers and employes of the township shall re- ceive such compensation for their services as the township commissioners shall prescribe.

[5] In *City Council Members v. Consumers Education and Pro- tective Association*, 58 Pa. Commonwealth Ct. 444, 428 A.2d 711 (1981), petition for allowance of appeal granted, April 29, 1981, we held that Article III, Section 27 of the Constitution of Penn- sylvania applies only to acts of the General Assembly but not to municipal ordinances.

of the salary of elected officials. *Retirement Board of Allegheny County v. McGovern,* 316 Pa. 161, 174 A. 400 (1934). In *Hendricks v. East Rockhill Township,* 1 Pa. D. & C. 3d 763, 771 (1977), the Court of Common Pleas of Bucks County characterized a pension plan for supervisors of a township of the second class as "additional compensation" and held that its adoption was in violation of the principles of law set forth in *Raudenbush* and reaffirmed in *Genkinger.*

We conclude that the Township commissioners, by amending their pension plan to include themselves as beneficiaries thereof at Township expense, were increasing their compensation or emoluments[6] of office in violation of the plain language of Section 603 of the Code which prevented them from taking such action.

We will, therefore, affirm the lower court's order as to Appellant.

## ORDER

AND Now, this 1st day of July, 1981 the order of the Court of Common Pleas of Allegheny County, dated June 6, 1979, is hereby affirmed to the extent that it orders the Township of Ross not to pay a pension to Ralph Anderson.

Judge WILLIAMS, JR. dissents.

---

[6] An emolument is defined in Black's Law Dictionary 616 (4th ed. rev. 1968) as follows:

> The profit arising from office or employment; that which is received as a compensation for services, or which is annexed to the possession of office as salary, fees, and perquisites; advantage; gain, public or private. Webster. Any perquisite, advantage, profit, or gain arising from the possession of an office.

---

CONCURRING OPINION BY PRESIDENT JUDGE CRUMLISH:

I concur in the majority's able opinion and would emphasize that the common law principles con-

cerning conflicts of interest addressed in our recent decision of *City Council Members v. Consumers Education and Protective Association,* 58 Pa. Commonwealth Ct. 444, 428 A.2d 711 (1981), were subject to the peculiar constitutional and legislative mandates of home rule and municipal self-government for Philadelphia and therefore, in my judgment, present no inconsistencies.