C. MEEKS, S. BOBO DEAN, P. A. HENDERSON, F. M. BROWN, J. H. CHEATHAM, M. B. ECKAY, F. H. WHORTON, L. T. ALLEN, JOHN FROHOCK, J. E. JUNKIN, J. T. WEATHERS, W. L. HARRIS, C. C. ROWLS, E. S. JOHNSON, M. J. BOHNERT, L. A. JONES, T. V. MOORE, C. D. LEFFLER, J. M. TOWNLEY, ELI MACDONALD AND C. H. GAUTIER, *Appellants*, v. R. K. FINK, J. F. CHAILLE, E. L. BRADY, B. R. HUNTER, J. T. BLACKMON, R. W. MCLENDON, AND H. R. CHASE, AS MEMBERS OF THE CITY COUNCIL OF THE CITY OF MIAMI, FLORIDA; W. P. SMITH AS MAYOR OF THE CITY OF MIAMI, FLORIDA; W. B. MOORE AS CITY CLERK OF THE CITY OF MIAMI, FLORIDA, AND S. W. AKIN AS CITY AUDITOR OF THE CITY OF MIAMI, FLORIDA, *Appellees*.

Opinion Filed August 15, 1921.

1. Municipalities are legal entities established for local governmental purposes and have and can exercise only such power as is conferred by express or implied charter provisions, and the existence of such power cannot be assumed but must be made to appear.

2. Under the Constitution of this State (Sec. 8, Art. VIII) the Legislature may confer upon the governing body of a municipality power to fix the salaries of its own members.

3. Because of its extraordinary character charter provisions of a municipality will not be construed as conferring power upon its governing body to fix the salaries of its own members unless the intent to do so is expressed in language the meaning of which is clear and unmistakable.

4. The ordinance of the City of Miami under consideration increasing and fixing the salaries of the city officers, including the members of the city council proposing and adopting it, held to be invalid in so far as it attempts to increase the salaries of the members of the city council, because not clearly authorized by the provisions of the city charter.

An Appeal from the Circuit Court for Dade County;
H. Pierre Branning, Judge.

Order reversed.

*R. B. Gautier*, for Appellants;

*S. P. Robineau*, for Appellees.

WEST, J.—This is an action brought by resident tax pay-
ers of the City of Miami against the members of the City
Council, Mayor, Clerk and Auditor of the city, the object
of the suit being to restrain defendants from paying out
of the treasury of the city any sum or sums of money for
compensation or salary to city officers under the provisions
of a certain designated ordinance of said city; for an ac-
counting of all amounts of money alleged to have been
illegally paid to said defendants under the provisions of
said ordinance; for a decree against each of the said de-
fendants for all amounts alleged to have been illegally
received by them, and for general relief.

The bill was demurred to by defendants upon various
grounds. Defendants also filed answer to the bill. Upon
a hearing the demurrer was sustained except as to the
allegations of the bill seeking an accounting for moneys
paid to the Mayor and members of the City Council prior
to the date upon which the ordinance under consideration
went into effect, the Court holding the ordinance valid
except as to its retrospective features. From this order
an appeal was taken to this Court. The error assigned is
the making of the order sustaining defendants' demurrer
to the bill.

The ordinance increased the salaries of the city officers,

including the members of the City Council adopting it, and the contention of appellants, complainants below, is that the City Council was without authority to pass a valid ordinance increasing the salaries of its own members, and that in so far as the ordinance purported to do so it is ineffectual and did not authorize the payment out of the city treasury of the amounts which such salaries were increased.

On the other hand it is asserted that the ordinance is valid, and this assertion is grounded upon various provisions of the city charter which, it is claimed, authorize its enactment. The city charter, Chapter 7196, Acts of 1915, Laws of Florida, by Section 10 provides that the government of the city shall be carried on and conducted by certain designated officers, including a "City Council," and that such officer shall "receive such compensation as may be prescribed by the ordinances of the city not inconsistent with this charter." And by Section 20 of the charter it is provided "that the compensation of all city officers shall be fixed by ordinance." Ordinances of the city are proposed and adopted by the City Council.

Municipalities are legal entities established for local governmental purposes and have and can exercise only such power as is conferred by express or implied charter provisions. The existence of authority to act cannot be assumed, but should be made to appear. To permit a public officer, without restriction or limitation to fix his own remuneration is to give him an extraordinary power. Under the Constitution (Sec. 8, Art VIII) the Legislature may confer upon the governing body of a municipality power to fix the salaries of its members, but before charter provisions are given this effect the intent to do so should

be expressed in language the meaning of which is clear and unmistakable.

In Gregory *et al.* v. Jersey City, 34 N. J. Law, 428, in dealing with a similar city ordinance, passed pursuant to a city charter identical in substance and effect with the one under consideration, the court said: "A legislative grant of power of a character so extraordinary as that which would enable the servant to fix his own remuneration, must be carried in express words, or, at least, in language which will not admit of any other reasonable construction. In the absence of such clear terms it cannot be presumed that the Legislature intended to do an act as unwise as it is unusual and anomalous."

In McFarland v. Gordon, 70 Vt. 455, 41 Atl. 507, in considering a similar question, the court said: "It is fundamental that a man shall not be a judge in his own case. It was early said that no man can serve two masters. It was not the intent of the Legislature in granting the charter before us that the alderman of Barre should be exceptions to the general rule so anciently declared by such high authority."

It is true that the city charter contains provisions from which the right of the City Council to fix the compensation of its own members might be inferred, but, construing such provisions in the light of fundamental, established principles, they cannot be held to confer such power. Nothing less than a grant in express terms, or in terms about which there can be no reasonable question, should be given this effect.

In so far as the ordinance attempted to increase the salaries of the members of the City Council proposing and

adopting it, it is invalid because not authorized by the charter, and the order appealed from is therefore reversed.

Reversed.

BROWNE, C. J., AND WHITFIELD AND ELLIS, J. J., concur.

TAYLOR, J., dissents.