Reckner et al. *v.* German Township School District, Appellant, et al.

Argued March 24, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Anthony J. Cavalcante,* for appellant.

*Frank R. Crow, Jr.,* of *Henderson, Parshall & Crow,* for appellees.

OPINION BY MR. JUSTICE DREW, April 14, 1941:

This appeal presents but one narrow question: May a director of a third class school district legally cast the deciding vote in favor of a resolution of the board increasing his own salary as secretary thereof? We are firmly convinced that he cannot, for it is well settled that no man should act officially in a matter involving discretion, where he is personally interested in the result.

On May 14, 1939, at a meeting of the board of directors of the School District of German Township, Fayette County, consisting of seven members as required by section 204 of the School Code of May 18, 1911, P. L. 309, O. R. Younkin was elected secretary at an annual salary of $600 to complete the unexpired term of a previous incumbent ending the first Monday of July, 1941. Despite the fact that this term had not yet concluded, the board on June 29, 1940, purported to "elect" Younkin as "full-time Secretary assuming all duties attached to the office for the year beginning July 1, 1940 and ending July 1, 1941, with a salary of $2400.00 per annum." This motion was declared carried by a recorded vote of four in favor, including that of Younkin himself, and three opposed. Within a month thereafter, plaintiffs, taxpayers of the School District, presented

their bill in equity to the court below for injunctive relief against the School District and the directors individually, parties defendant, to restrain the payment to Younkin of any salary in excess of $600 per year under the resolution in question. An answer was filed on behalf of the School District. After a hearing, the Chancellor entered a decree nisi dismissing the bill. Exceptions thereto, however, were sustained by the court en banc, and a final decree was entered granting the permanent injunction prayed for. Thereupon the School District appealed.

The School Code is silent on the question here presented. Section 303, as amended, provides that in school districts of the third and fourth classes the secretary may be a member of the board, and it is also provided, by section 323, as amended, that he may receive for his services such compensation as the board shall fix; but a thorough study of the statute fails to reveal any indication whatsoever that it was the legislative intent to abrogate the well-founded and long-established public policy that one who has a direct personal interest in a matter under consideration by a representative public agency of which he is a member is disqualified from voting thereon, and if his vote is determinative, the action taken is void. See Note, Ann. Cas. 1917C 518; and in addition to the cases there cited, see also: *Terrell v. Town of Tempe,* 35 Ariz. 120, 274 P. 786; *Meeks v. Fink,* 82 Fla. 244, 89 So. 543; *State v. Shea,* 106 Iowa 735, 72 N. W. 300; *Krueger v. Ramsey,* 188 Iowa 861, 175 N. W. 1; *Woodward v. City of Wakefield,* 236 Mich. 417, 210 N. W. 322; *State v. Mayor & Aldermen of Jersey City,* 34 N. J. Law 429; *Kendall v. Stafford,* 178 N. C. 461, 101 S. E. 15; *McFarland v. Gordon,* 70 Vt. 455, 41 A. 507; *Smith v. City of Centralia,* 55 Wash. 573, 104 P. 797; 43 C. J. par. 780.

In *Commonwealth v. Raudenbush,* 249 Pa. 86, this Court held that a councilman could not legally cast the deciding vote in favor of accepting his own resigna-

tion so that he might be employed by the city in a salaried position. It was there said: (pp. 88-89) "We are of opinion that Raudenbush could not vote for the acceptance of his own resignation which, therefore, never became effective. In 28 Cyc. 337, citing numerous authorities to sustain the text, it is said: 'There is a general rule of law that no member of a governing body shall vote on any question involving his . . . pecuniary interest, if that be immediate, particular, and distinct from the public interest.' . . . It is against public policy for a representative of a municipality to vote in its legislative body on any matter which affects him individually. . . . He is a trustee for the municipality and he may not deal with himself in any matter which concerns it. His cestui que trust has the right to his best judgment in everything that appertains to its business or welfare unaffected and unprejudiced by anything which might enure to his own interest as an individual."

Section 403 of the School Code provides: "The affirmative vote of a majority of all the members of the board of school directors in every school district in this Commonwealth, duly recorded, showing how each member voted, shall be required in order to take action on the following subjects: . . . Fixing salaries or compensation of officers, teachers, or other appointees of the board of school directors." Obviously, this provision merely fixes the number of votes necessary for action on the specified subjects. It does not determine eligibility to participate in such action.

Far from being persuasive of Younkin's right to vote himself the increased salary, the failure of the Code specifically either to authorize or to forbid the practice is conclusive against him. It necessitates an explicit direction on the part of the legislature to overthrow such a wholesome and salutary rule of the common law as that precluding a public servant from simultaneously representing both himself and his constituents. As

pointed out in *Goodyear v. Brown,* 155 Pa. 514, 518: ". . . it does not follow that everything may be done by a public officer that is not forbidden in advance by some act of assembly."

Appellant contends that irrespective of the propriety of the resolution of June 29, 1940, nevertheless it has been subsequently ratified by later motions of the board authorizing payment of "the various salaries" when funds were available. There was no ratification of the resolution because there was no resolution to ratify, for by disregarding Younkin's interested vote, the resolution did not secure the affirmative majority required by section 403, supra, and necessarily failed. No action had been taken which could have been the subject of ratification. There is no power that could breathe life into that which never existed.

The decree is affirmed; costs to be paid by appellant.