Lach v. De Figio

*Spurgeon & Spurgeon*, for plaintiffs.

*A. J. Kuzdenyi*, for defendants.

CARR, P. J., February 1, 1956.—This is an action of quo warranto involving the offices of president, vice president, treasurer and secretary of a board of school directors of a district of the third class and that of the supervising principal of the district. The questions raised are of the validity of the proceedings of the board by which these officers were elected. By agreement of the parties, the case was heard without a jury. The facts are undisputed and appear by stipulation filed of record.

### Findings of Fact

1. Plaintiffs, Anthony Lach, Jerry O. Abbadini and Julius Gaggiani, and defendants, Joseph A. Mazurek, Carmen C. Catalano, Michael DeFigio and George Magerko, constitute the Board of School Directors of the School District of Redstone Township, a third-class district, Mazurek having been elected at the municipal election on November 8, 1955, to succeed himself, and Catalano having been elected to succeed John Burdock. All except Mazurek and Catalano were holdover members. Plaintiff Clarence E. Hess is the involuntarily retired supervising principal of the dis-

trict, and defendant Alfred DeFigio his elected successor.

2. At the annual organization meeting of the school board, duly called and held on Monday, December 5, 1955, and attended by Lach, Gaggiani, Mazurek, De-Figio, Magerko and Catalano, action was taken and recorded in the minutes as follows:

(a) Mazurek was elected "temporary chairman" by the votes of all six directors present except Catalano, who did not vote.

(b) The certificates of election, executed oaths of office and loyalty oaths of the newly elected directors, Mazurek and Catalano, were presented and accepted by the votes of all directors present.

(c) On motion of DeFigio, seconded by Magerko, and by the affirmative votes of all six directors present Mazurek was elected "permanent chairman".

(d) On nomination by Magerko and by the affirmative votes of all six directors present, DeFigio was elected vice president.

(e) Mazurek advised the board that Burdock's term as treasurer had ended with the expiration of his term of office as director on December 5, 1955. Thereupon, on motion of Catalano, seconded by DeFigio, that Magerko be appointed treasurer, DeFigio, Catalano, Magerko and Mazurek voted "yes", and Gaggiani and Lach voted "no". Burdock, a member of the board of school directors in May, 1955, had then been elected treasurer to serve for one year beginning on the first Monday of July, 1955.

(f) On motion by DeFigio, seconded by Magerko, that the board dismiss Lach as secretary and declare the position vacant, DeFigio, Catalano, Magerko and Mazurek voted "yes" and Gaggiani and Lach voted "no". Lach, being a member of the preceding board of school directors, had in May of a previous year

been elected secretary for a term of four years which, on December 5, 1955, had not expired.

(*g*) On motion of Magerko, seconded by DeFigio, that Catalano be appointed secretary, DeFigio, Catalano, Magerko and Mazurek voted "yes", Lach voted "no", and Gaggiani did not vote.

(*h*) On motion of Catalano, seconded by DeFigio, that the salaries of the treasurer and secretary be set at $75 per month, DeFigio, Catalano, Magerko and Mazurek voted "yes", Lach voted "no", and Gaggiani did not vote.

(*i*) Mazurek stated that he wanted notice sent out for a special meeting of the board for general purposes to be held on Friday, December 9, 1955, at 7:15 p.m.

3. At a special meeting of the school board duly called and held on Friday, December 9, 1955, and attended by all members except Abbadini, action was taken and recorded in the minutes as follows:

(*a*) On motion of DeFigio, seconded by Magerko, all six members present voted to rescind a resolution of the board adopted on June 10, 1954, providing for the compulsory retirement of professional employes at age 65, so as to permit the board to terminate the services of any professional employe who had attained the age of 62. At that time four professional employes of the district were more than 62 years of age, including Clarence E. Hess, the supervising principal, who had attained that age on April 29, 1955.

(*b*) On motion of DeFigio, seconded by Catalano, that Clarence E. Hess, supervising principal, be retired as of December 9, 1955, DeFigio, Catalano, Magerko and Mazurek voted "yes", and Gaggiani and Lach voted "no".

(*c*) On motion of Magerko, seconded by DeFigio, that Alfred DeFigio be "assigned" as supervising principal of the school district, effective December 9,

1955, at the same annual salary as Clarence E. Hess had been receiving, viz., $7,600, Michael DeFigio, Catalano, Magerko and Mazurek voted "yes", and Gaggiani and Lach voted "no". Alfred DeFigio is a brother of director Michael DeFigio, and at the time was a professional employe of the district serving as principal of the Republic elementary school at an annual salary of $4,500. He then assumed said office and is now exercising the same.

## Discussion

Our first question is of the effect of the irregularities in the proceedings of the board at its annual organization meeting on December 5, 1955. Section 402 of the Public School Code of March 10, 1949, P. L. 30, 24 PS §4-402, provides that at the annual organization meeting of the board of school directors in districts of the third class, a temporary president shall be elected from the holdover members; and plaintiffs contend that, since Mazurek was not a holdover member, he was not qualified to serve as temporary president and therefore all proceedings of the meeting are null and void. It is true that Mazurek was not technically a holdover member, though he had been reëlected, but in our opinion the failure of the board to comply strictly with that particular provision of the code does not of itself invalidate the organization effected at that time. The provision for the election of a temporary president from among the holdover members is directory only, having been designed to assure the selection of a presiding officer of some experience as a matter of convenience rather than substance: Deibert v. Rhodes, 291 Pa. 550, 554. Mazurek, despite his apparent lack of acquaintance with the school law, was certainly no novice. Moreover, his election as temporary "chairman" instead of temporary "president", and as a permanent "chairman" instead of permanent

"president", was a mere verbal inaccuracy; there is no suggestion that anyone misunderstood the identity of the office he was to fill or the duties he was to perform. The error in the name of the office may and should, of course, be corrected.

The next question to be determined is that of the validity of the election of Magerko as treasurer to succeed Burdock and Catalano as secretary to succeed Lach. Section 404 of the code, 24 PS §4-404, provides, in part, as follows:

"In each school district of the second, third and fourth class, the school directors . . . shall annually, during the month of May, elect a treasurer to serve for one year, beginning the first Monday in July following such election, and shall, during the month of May, one thousand nine hundred and fifty-three, and every four years thereafter, elect a secretary for a term of four years, beginning the first Monday of July following such election . . . Vacancies in the office of secretary shall be filled for the unexpired term. In school districts of the second class the secretary and treasurer shall not be members of the board. In districts of the third and fourth class they may be members of the board."

Thus, as Burdock had been elected treasurer in May 1955 for a term of one year beginning the first Monday of July, 1955, and as such officer he was not required to be or continue a member of the board, his term had not in fact expired at the time of the organization meeting on December 5, 1955. It may be conceded that the board would have had the right to remove him, as we explain hereafter, but it did not remove him; it elected another to fill the position upon the unfounded assurance of Mazurek that his term as treasurer had expired with the expiration of his term as director. Nor is there anything to indicate that the board would have taken that action had it been cor-

rectly advised. In any event, there was no vacancy, either by the expiration of his term or by removal, and consequently, the attempted election of Magerko to succeed him in the mistaken belief the office was vacant must be regarded as a nullity: Commonwealth ex rel. v. Gallagher, 12 Lack. Jur. 215.

Secretary Lach's case is distinguished from that of Magerko by the fact that he was formally and legally removed from his office before Catalano was elected thereto. The board's right to remove him as it did rests upon article VI, sec. 4 of the Constitution of 1874, which provides:

". . . Appointed officers, other than judges of the courts of record and the Superintendent of Public Instruction, may be removed at the pleasure of the power by which they shall have been appointed."

Although section 514 of the Code, 24 PS §5-514, restricts the power of removal vested in the school board by providing that: "The board of school directors in any school district, except as herein otherwise provided, shall after due notice, giving the reasons therefor, and after hearing if demanded, have the right at any time to remove any of its officers, employes, or appointees for incompetency, intemperance, neglect of duty, violation of any of the school laws of this Commonwealth, or other improper conduct", yet under the language of the Constitution, this section of the code cannot apply to "appointed officers" within the meaning of the Constitution, and accordingly, it has been categorically held that such officers as treasurer of a school board and city clerk are constitutional officers, subject to removal without notice or hearing. See Muir v. Madden, 286 Pa. 233; Commonwealth ex rel. v. Likeley, 267 Pa. 310; Commonwealth ex rel. v. Lindsay, 330 Pa. 120; Saar v. Hanlon, 163 Pa.. Superior Ct. 143, and cases there collected.

We know of no reason to place the secretary of the

school board in a category different from that of a treasurer or clerk. We are, therefore, of the opinion that Lach was removable at the pleasure of the board, and hence that he ceased to be secretary with the adoption of the resolution of December 5, 1955.

In this connection it may be useful to add that, although we find nothing in the code to prevent a school director from voting for his own election to either of those offices, it is well settled that he cannot lawfully cast the deciding vote to fix a salary for himself. For this reason, Catalano, as secretary, cannot be entitled to any salary by virtue of the resolution of December 5, 1955; his personal and pecuniary interest as opposed to his public duty forbids such action on his part: Reckner v. School District of German Township, 4 Fayette 27, affirmed 341 Pa. 375. And if, as is stated in paragraphs 16 and 19 of the stipulation, Burdock and Lach also had when elected cast the deciding votes to fix their salaries as treasurer and secretary, then, of course, those payments have been made unlawfully.

As to the right of the school board to rescind the resolution of the preceding board, adopted on June 16, 1954, which fixed the compulsory retirement age at 65, and then to retire Hess as supervising principal at age 62, section 1122 of the code, 24 PS §11-1122, provides that "boards of school directors may terminate the service of any professional employe who has attained the age of sixty-two".

This is a grant to each board of discretion to retire any employe at age 62, and the board of 1954 could no more forestall the exercise of that discretion by the board of 1955 than one legislature could tie the hands of a succeeding one. In the exercise of its regulatory powers a board cannot, in the absence of statutory authority, bind future boards. Nor could the resolution of June 16, 1954, create any vested or property interest in an employe to continue until age 65;

his interest was limited to that provided by the school code itself and his contract expressly made subject not only to existing and future legislation but also to all regulations of the school board not inconsistent with the code: Teachers' Tenure Act Cases, 329 Pa. 213; Cary v. Lower Merion School District, 362 Pa. 310; Murray v. Wilkes-Barre Township School District, 33 Pa. Superior Ct. 373. It seems equally clear that Hess was not prejudiced by the failure of the board to retire others who had attained the age of 62.

Finally, we have the question of the validity of the election of Alfred DeFigio to succeed Hess as supervising principal. Alfred is a brother of Michael De-Figio, one of the directors, and his employment on December 9, 1955, was effected by the votes of but four of the seven members of the board, including that of his brother Michael. In this aspect of the case we turn to article XI, secs. 1111 and 1161 of the code. Section 1111, 24 PS §11-1111, regarding the employment of relatives of school directors, provides that "No teacher shall be employed, by any board of school directors, who is related to any member of the board; as, father, mother, brother, sister, husband, wife, son, daughter, stepson, stepdaughter, grandchild, nephew, niece, first cousin, sister-in-law, brother-in-law, uncle, or aunt, unless such teacher receives the affirmative votes of three fourths of all members of the board"; and section 1161, 24 PS §11-1161, provides that "The board of school directors of any school district of the third or fourth class which has no district superintendent may employ a supervising principal of the public schools of the school district or districts, under and subject to the provisions of this article governing the employment and tenure of professional employes".

These sections plainly preclude, we think, the employment of a brother of a school director as supervising principal without the votes of at least six mem-

bers of the board. Although not intended to teach regularly in the classrooms, such a professional employe is still a teacher subject to all the provisions of the code governing their employment. The word "principal" includes the meaning of the word "teacher" as fully as if the position were described as "principal teacher", "principal" denoting highest rank, authority, importance or degree. A supervising principal is simply a teacher entrusted with special duties of direction and management, and one's employment as such does not affect any of his rights or duties under his contract, which is "to teach": Houtz v. Coraopolis School District, 357 Pa. 621. If he were not a teacher, he would not be qualified to direct other teachers. His business remains the education, instruction, training and discipline of youth, even though carried on in a supervisory capacity. The purpose of section 1111 is to discourage the practice of employing educators upon considerations other than merit or ability, and it seems strange indeed to hear it argued that the legislature intended to confine its protection to the employment of classroom teachers. The maintenance of rigid standards of neutrality in appointments is of primary importance in the interests of sound administration, and the practice of appointing relatives, euphemistically termed nepotism, has long been frowned upon. It is not contended that the board intended merely to assign DeFigio temporarily to perform the duties of the office of supervising principal; actually defendants' eleventh request for findings of fact is that "Defendant, Alfred DeFigio, was duly and regularly appointed to the office of supervising principal of said district at an annual salary of $7,600, filling the vacancy created by the retirement of plaintiff, Clarence E. Hess".

### Conclusions of Law

1. Joseph A. Mazurek, defendant, was, on Decem-

ber 5, 1955, lawfully elected to the office of president of the Board of School Directors of the School District of Redstone Township.

2. Michael DeFigio, defendant, was on December 5, 1955, lawfully elected to the office of vice president of the Board of School Directors of the School District of Redstone Township.

3. John Burdock was on December 5, 1955, and still is the duly qualified and acting treasurer of the Board of School Directors of the School District of Redstone Township, he not having then or since been lawfully removed therefrom.

4. George Magerko, defendant, has since December 5, 1955, unlawfully intruded into, usurped and exercised, and, still does unlawfully intrude into, usurp and exercise the office, emoluments, rights, privileges and powers of the office of treasurer of the Board of School Directors of the School District of Redstone Township.

5. Anthony Lach, plaintiff, was on December 5, 1955, lawfully removed from the office of secretary of the Board of School Directors of the School District of Redstone Township.

6. Carmen C. Catalano, defendant, was on December 5, 1955, lawfully elected to the office of secretary of the Board of School Directors of the School District of Redstone Township.

7. The service of Clarence E. Hess, plaintiff, as a professional employe and supervising principal of the School District of Redstone Township was, on December 9, 1955, lawfully terminated by the Board of School Directors by reason of his having previously attained the age of 62 years.

8. The employment on December 9, 1955, of Alfred DeFigio, defendant, as supervising principal of the School District of Redstone Township is null and void, by reason of his not having been elected to that office

by the votes of three fourths of all members of the Board of School Directors, he being a brother of Michael DeFigio, then a member of the board.

9. Alfred DeFigio, defendant, has since December 9, 1955, unlawfully intruded into, usurped and exercised, and still does unlawfully intrude into, usurp and exercise the office, emoluments, rights, privileges and powers of the office of supervising principal of Redstone Township.

10. Plaintiffs are entitled to judgment that George Magerko, defendant, be ousted and altogether excluded from the office of treasurer of the School Board of the School District of Redstone Township, and to an injunction restraining said defendant from exercising or claiming to occupy said office by virtue of his election thereto on December 5, 1955, and from retaining in his possession or custody any of the papers, property or effects of the school district in his hands.

11. Plaintiffs are entitled to judgment that Alfred DeFigio, defendant, be ousted and altogether excluded from the office of supervising principal of the School District of Redstone Township, and to an injunction restraining said defendant from exercising or claiming to occupy said office by virtue of his election thereto on December 9, 1955, and from retaining in his possession or control any of the papers, property or effects of the school district in his hands.

12. Defendants, Joseph A. Mazurek, Michael DeFigio and Carmen C. Catalano, are entitled to judgment that they are lawfully entitled to exercise the offices of president, vice president, and secretary, respectively, of the Board of School Directors of Redstone Township.

13. The School District of Redstone Township should pay the costs.

### Order Nisi

And now, February 1, 1956, the prothonotary is

directed to give prompt notice of this decision to the parties or their attorneys of record, and to enter judgment thereon as stated in our conclusions of law, unless exceptions thereto are filed in his office within 30 days after service of such notice.

*Order*

And now, June 25, 1956, upon consideration of the foregoing case, the exceptions ex parte defendants to the conclusions of law of the trial judge are overruled and dismissed, judgment is hereby entered in accordance with the decision, and it is ordered, adjudged and decreed as follows:

1. That George Magerko, defendant, be ousted and altogether excluded from the office of treasurer of the School Board of the School District of Redstone Township, and that an injunction issue restraining said defendant from exercising or claiming to occupy said office by virtue of his election thereto on December 5, 1955, and from retaining in his possession or custody any of the papers, property, or effects of the school district in his hands.

2. That Alfred DeFigio, defendant, be ousted and altogether excluded from the office of supervising principal of the School District of Redstone Township, and that an injunction issue restraining said defendant from exercising or claiming to occupy said office by virtue of his election thereto on December 9, 1955, and from retaining in his possession or control any of the papers, property, or effects of the school district in his hands.

3. That defendants, Joseph A. Mazurek, Michael DeFigio and Carmen C. Catalano are lawfully entitled to exercise the office of president, vice president, and secretary, respectively, of the Board of School Directors of Redstone Township.

4. That the School District of Redstone Township pay the costs.