James T. Lesho, Appellant *v.* Board of School Directors of Hanover Area School District, Acting Secretary, Thomas Gaughan, and Secretary, Robert Papson, Appellees.

Argued October 10, 1980, before Judges BLATT, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*James T. Lesho,* appellant, for himself.

*Paula Garrety,* with her *Michael J. Hudacek* and *Conrad A. Falvello,* for appellees.

OPINION BY JUDGE CRAIG, November 19, 1980:

Appellant James T. Lesho appeals from an order of the Court of Common Pleas of Luzerne County which sustained preliminary objections in the nature of a demurrer filed by the Board of School Directors of Hanover School District (board) to Lesho's complaint in equity, which seeks an order to compel revision of school board minutes.

Because preliminary objections admit as true all matters properly pleaded, we take the facts from

Lesho's complaint, which alleges that on June 14, 1979 the board, consisting of 9 members including Daniel Stadulis, elected Stadulis as its treasurer at an annual salary of $6,000. Moreover, Lesho alleges that the election was recorded as eight affirmative votes, including Stadulis' own vote, and one vote opposed.

Lesho contends that Stadulis was by law disqualified from voting in favor of himself as treasurer of the board at an annual salary of $6,000. Consequently Lesho argues that the lower court erred by not requiring the board to amend the minutes of its June 14, 1979 meeting and expunge Stadulis' vote.

One who has a direct personal interest in a matter under consideration by a representative public body of which he is a member is disqualified from voting on the matter, and if his vote is determinative, the action taken is void, at least where the personal interest is pecuniary in nature. *Reckner v. School District of German Township*, 341 Pa. 375, 19 A.2d 402 (1941).

Stadulis' vote to grant himself a salaried position is a nullity under *Reckner,* although, his one vote not being determinative, the election of him as treasurer is not invalid. However, we find no authority warranting the relief requested by Lesho. In essence he is requesting that the court order the board to rewrite the minutes to reflect a history other than that which occurred. If Lesho desires a record of the nullity of Stadulis' vote, this opinion fortuitously performs that function.

Accordingly, we affirm the decision of the court below.

### Order

And Now, this 19th day of November, 1980, the order of the Court of Common Pleas of Luzerne County is hereby affirmed.